(CHANCERY.)

## LEEDS v. The MARINE INSURANCE COMPANY of Alexandria.

The answer of one defendant to a bill in chancery cannot be used as evidence against his co-defendant; and the answer of an agent is not evidence against his principal, nor are his admissions *in pais*, unless where they are a part of the *res gesta*.

Where a cause is set down for hearing on the bill, answer, and exhibits, without other pleadings, the whole of the answer must be considered as true.

March 14th.

This cause was argued by Mr. *Swann*, for the appellants, and by Mr. *Lee* for the respondents.

March 15th.

The opinion of the court was delivered by Mr. Justice WASHINGTON.

This is a bill filed on the equity side of the circuit court of the district of Columbia, for the county of Alexandria, by the Marine Insurance Company of Alexandria against Jedediah Leeds, praying for an injunction to a judgment obtained at law in that court against the said company by William Hodgson, for the use of George F. Straas and the said Jedediah Leeds. The judgment was obtained by Hodgson on a policy of insurance, dated the 30th of September, 1799, effected by him with the said company on the brig Hope, in his own name, for George F. Straas and others, of Richmond.

The bill states that, in the year 1810, the above judgment was obtained for the use and benefit of

George F. Straas, and the respondent Jedediah Leeds. That, previous to the said insurance, the said George F. Straas, and Jedediah Leeds, being owners of a vessel called the Sophia, did, through the agency of the said William Hodgson, effect an insurance on the said vessel, the Sophia; for the premium on which, amounting to 2,754 dollars, Hodgson gave his own note. That Straas paid 929 dollars in part of the premium note; and claiming a return of premium to the amount of the residue of the said note, he obtained an injunction in the court of chancery of Virginia, which was finally dissolved.

The ground on which that injunction is prayed, is, that the balance of the premium due upon the insurance of the Sophia ought to be offset, so far as it goes, against the judgment at law upon the policy of the Hope.

The answer of Leeds denies that he had any interest in the Sophia at the time the insurance mentioned in the bill was effected, or that he was in any manner concerned in that insurance. He states that within a few months after the insurance on the Hope was effected, and long before the judgment in law was obtained, he had acquired by purchase from Straas and a Mr. Trouin, the other owner of the Hope, all their interest in that vessel, and in the policy of insurance which had been effected upon her. He, therefore denies the allegation in the bill, that the judgment upon that policy was obtained for the use of Straas, or for that of any other person than himself. The answer refers to his agreements with

1817.

Leeds
v.
Marine Ins.
Company.

the other owners, which are annexed to the answer as parts thereof.

William Hodgson, who was made a defendant to this bill, states, in his answer, that he received an order, in November, 1799, to effect an insurance on the Sophia and her cargo, for account of Straas and Leeds; in conformity with which order he effected the said insurance with the complainants, and gave his own note for the premium. He adds, that he always understood from Leeds that he was interested with Straas in the said insurance.

A general replication was filed; but whether to both the answers, or to the answer of Hodgson alone, is not clear; and a dedimus was awarded to take depositions. No depositions, however, were taken; and the record states that the cause was set down for hearing on the bill, answer, and exhibits, and was heard on those proceedings. The exhibits relied upon by the defendant below to prove his purchases from the other owners of the Hope of their interest in that vessel, and in the insurance effected on her, were rejected by the circuit court. That court decreed a perpetual injunction as to the sum claimed by the complainants; from which decree an appeal was prayed, and allowed, to this court.

The facts relied upon by the appellant, to induce a reversal of this decree, are, 1. That the interest of Straas in the insurance of the Hope was transferred to him, the appellant, for a full consideration, soon after the insurance was effected, and before the judgment at law was obtained. 2. That the appellant had no interest in the Sophia at the time when

the insurance was effected upon her, the premium on which is claimed in this case as an offset against the above judgment; and that the insurance of the Sophia was not made for the account, or by the orders, of the appellant.

The fact last mentioned must be considered as fully established, because the answer, in which it is asserted, is responsive to a direct allegation contained in the bill, and is not contradicted by any evidence in the cause.

The answer of Hodgson to this bill is not evidence against the appellant. The general rule which prevails in chancery is that the answer of one defendant cannot be used as evidence against his co-defendant; and it is the opinion of the court that this case does not furnish an exception to that rule. The answer of an agent is not evidence against his principal, nor are his admissions in pais, unless where they are a part of the res gesta.

As to the other fact upon which the appellant relies, there is more difficulty. The bill states that the judgment was recovered for the benefit of Straas and Leeds. This is denied in the answer, and thus far we may consider that fact as established in favour of the appellant. The answer goes farther, and alleges that the recovery was for the sole benefit of the respondent. But this allegation is not proved, and there is no charge in the bill in relation to that fact which the answer contradicts.

After all, it is very difficult to understand, from this record, by what rules this cause was tried and decided in the circuit court. It is stated in the re-

1817.

Leeds
v.
Marine Ins.
Company.

cord, that the cause was set down for hearing on the bill, answer, and exhibits. Now, if this was the real state of the cause, there can be no doubt but that the whole of the answer must be considered as true. But it appears on another part of the record that a general replication was filed, and that a commission was allowed for taking depositions. These entries are totally inconsistent with each other, unless the latter entry should have been made in reference to Hodgson's answer, which it immediately follows.

Whether setting down the cause for hearing on the bill and answer amounted to a waiver of the replication, in case it was put in by both defendants, need not be decided in this case, because it is the opinion of this court that the record exhibits the proceedings in a shape so irregular and equivocal, that no final decree can be made which may not be productive of injustice to one or the other of the parties.

The decree of the circuit court, therefore, must be reversed, and the cause remanded with directions to that court to allow the parties to amend the pleadings.

Decree reversed.