(886 P.2d 904)

No. 70,375

GEORGE W. THOMPSON, *Appellant*, v. FOUNDERS GROUP INTERNATIONAL, INC., and CONTINENTAL REPLACEMENT, INC. OF TAMPA, *Appellees*.

Opinion filed December 16, 1994.

*Kevin J. Odrowski* and *Daniel J. Markowitz*, of McDowell, Rice & Smith, P.C., of Kansas City, Missouri, for the appellant.

*Lisa A. Weixelman* and *Mark E. Jones*, of Polsinelli, White, Vardeman & Shalton, of Overland Park, for the appellees.

Before BRISCOE, C.J., GERNON, J., and RICHARD A. MEDLEY, District Judge, assigned.

BRISCOE, C.J.: George Thompson appeals the dismissal of his action against Founders Group International, Inc., (Founders)

and Continental Replacement, Inc. of Tampa (Continental). Thompson filed his action against these two Florida-based corporations in the District Court of Johnson County, Kansas. He alleged a variety of claims, including breach of contract, fraudulent misrepresentation, and violation of the Kansas Consumer Protection Act. The monetary relief he requested was less than $50,000, and the claims alleged were based solely upon state law. The district court dismissed the action after concluding the forum-selection clause in the franchise agreement between Thompson and Continental required that "all actions relating to the contract must be filed in Florida."

Thompson owns and operates a jewelry business in Overland Park, Kansas. Thompson entered into a franchise agreement with Continental whereby Continental was to provide Thompson with insurance company referrals for replacement of lost jewelry. Founders, acting on behalf of Continental, allegedly solicited Thompson regarding the Continental franchise. Founders allegedly represented to Thompson that purchase of the franchise would be a "no-lose" situation and that Thompson would have all of the State Farm Insurance referral business in the greater Kansas City area. When Continental and Founders failed to refer any significant jewelry replacement business to Thompson, he brought this action in the Johnson County District Court to recover the franchise fee of $21,900 and other compensatory damages, for rescission of the franchise agreement, and for other relief.

The sole issue on appeal is whether the district court erred in its interpretation of the forum-selection clause. The forum-selection clause at issue provides:

"The parties to this Agreement agree that jurisdiction and venue of any action brought pursuant to this Agreement, to enforce the terms thereof or otherwise with respect to the relationships between the parties created or extended pursuant hereto, shall properly lie in the Circuit Court of the Thirteenth Judicial Circuit of the United States District Court for the Middle District of Florida, Tampa Division."

The court found that the parties intended that the last phrase in the foregoing paragraph read: "Circuit Court of the Thirteenth Judicial Circuit *or* the United States District Court for the Middle

District of Florida, Tampa Division." It also found the paragraph required that an action could only be brought in one of those two forums. Thompson specifically argues the clause is not applicable to its action against either Founders or Continental, the clause is ambiguous, and the clause does not mandate that venue and jurisdiction are proper only in Florida.

Both Florida and Kansas courts have given effect to forum-selection clauses. See *Manrique v. Fabbri*, 493 So. 2d 437 (Fla. 1986); *Vanier v. Ponsoldt*, 251 Kan. 88, 833 P.2d 949 (1992). When interpreting a forum-selection clause, courts are construing a provision or provisions of a written contract to determine what meaning was intended and conveyed by the language the parties used. Construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by the court on appeal. *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 455, 827 P.2d 24 (1992).

*I.  Does the forum-selection clause apply to both defendants and to claims that are independent from the written contract?*

The forum-selection clause states that it applies to "any action brought pursuant to this Agreement, to enforce the terms thereof or otherwise with respect to the relationships between the parties created or extended pursuant hereto." Founders is not a party to the contract. The claims against Founders should not have been dismissed because they are not covered by the forum-selection provision contained in the contract between Thompson and Continental.

Continental argues the applicability of the clause to Founders should not be considered on appeal because the issue was not raised below, citing *Akandas, Inc. v. Klippel*, 250 Kan. 458, 472, 827 P.2d 37 (1992). The issue sought to be raised in *Akandas* was unique from the contract construction issues raised on appeal. In the present case, the issue of whether the forum-selection clause applies to Founders arises inherently when this court is asked to construe the agreement. Therefore, this court can determine whether the forum-selection clause is applicable to Founders.

Thompson also argues the case against Continental should not have been dismissed because the allegations in Thompson's pe-

tition were not brought pursuant to the written contract or to enforce its terms. Thompson first alleges defendants breached a warranty that Thompson could recoup his investment on demand. This alleged warranty is not included in the written agreement. He also alleges defendants made fraudulent representations that induced him to enter into the agreement with Continental. By its nature, this allegation is independent from the written contract. The final count of Thompson's petition was that defendants violated the Kansas Consumer Protection Act. Here, too, this allegation is brought pursuant to Kansas law and not pursuant to the agreement.

Although the argument that the clause has no applicability to claims that are independent from the·written contract has some appeal, the written contract is very broadly worded. It seeks to control all agreements between the parties and the forum-selection clause seeks to govern any action brought pursuant to the agreement to enforce not only the terms of the agreement but any action brought to address the relationships between the parties "created or extended" pursuant to the written agreement. Because the written agreement is the culmination of negotiations between Thompson and Continental, and Thompson's allegations relate to those negotiations, the forum-selection clause is written broadly enough to encompass these claims.

## II. Is the forum-selection clause ambiguous?

Thompson argues the language in the clause is ambiguous because it states that venue is proper in a court that does not exist: the Circuit Court of the Thirteenth Judicial Circuit of the United States District Court for the Middle District of Florida, Tampa Division. Thompson then argues even if such a federal court exists, it could not have jurisdiction because there is no federal question at issue and the action concerns less than $50,000. See 28 U.S.C. §§ 1331, 1332 (1988). Thompson argues the entire paragraph should be stricken because a written instrument is construed against the party who drafted it, in this case Continental. See *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, 586, 738 P.2d 866 (1987).

"Ambiguity in a written instrument does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning." *Hall v. Mullen*, 234 Kan. 1031, 1037, 678 P.2d 169 (1984). Although there is no Circuit Court of the Thirteenth Judicial Circuit of the United States District Court for the Middle District of Florida, Tampa Division, there is a Circuit Court of the Thirteenth Judicial Circuit of Florida, and there is a United States District Court for the Middle District of Florida, Tampa Division. The parties, at the very least, intended that suit was proper in either of those two forums. The district court's interpretation of this phrase is logical. Usage of the word "of" rather than "or" was most probably the result of a typographical error.

*III. Does the forum-selection clause mandate that suit be brought only in Florida?*

The forum-selection clause states "any action brought pursuant to this Agreement . . . shall properly lie" in either of the two named Florida courts. Thompson argues this language is permissive as it simply states that an action brought in Florida would be proper. Thompson argues the clause does not prevent his bringing suit in Kansas.

The most recent Kansas case to interpret a forum-selection clause is *Vanier*, 251 Kan. 88. The forum-selection clause in *Vanier* was specific in that it stated: "At the option of Seller, jurisdiction and venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county as set forth in paragraph I above [Saline County, Kansas]." 251 Kan. at 94. The court held that defendant William Ponsoldt had consented to jurisdiction in the District Court of Saline County, Kansas. In reaching this conclusion, the court reviewed the relevant case law pertaining to forum-selection clauses:

"The United States Supreme Court held a contractual forum-selection clause valid in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972). In *The Bremen*, Zapata, a Houston-based American corporation, contracted with Unterweser, a German corporation, to tow Zapata's ocean-going drilling rig from Louisiana to a point off Italy in the Adriatic Sea.

The contract contained the following provision: 'Any dispute arising must be treated before the London Court of Justice.' When a severe storm damaged the drilling rig, Zapata filed a suit in admiralty in the United States District Court in Florida. 407 U.S. at 2-4. The district court denied Unterweser's motion to stay the Florida suit pending resolution of the controversy by the High Court of Justice in London. 407 U.S. at 6.

"Historically forum-selection clauses were found to be contrary to public policy and, therefore, unenforceable. 407 U.S. at 9. The United States Supreme Court, however, noted a trend toward accepting forum-selection clauses. The Court stated:

'The threshold question is whether [the district court] should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause.

'There are compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect.' 407 U.S. at 12-13.

"The Court concluded the forum-selection clause should have been enforced unless Zapata could clearly show 'enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.' 407 U.S. at 15.

"The rule announced in *The Bremen* was applied in *Carnival Cruise Lines v. Shute*, 499 U.S. [585], 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991). There, the Court again addressed the enforceability of a forum-selection clause in a contract between a cruise line and its passengers. The clause appeared on the face of each ticket and stated in part: ' "It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, USA, to the exclusion of the Courts of any other states or country." ' 113 L. Ed. 2d at 628. Upon finding the passengers had been given notice of the forum-selection provision and that their accession to the forum-selection clause was not obtained by fraud or overreaching, the Court held the exercise of jurisdiction by the passengers' state, Washington, was improper. 113 L. Ed. 2d at 633. The application of the rule in *The Bremen* has not been limited to admiralty cases. [Citations omitted.]

"In *National Equip. Rental, Ltd. v. Taylor*, 225 Kan. 58, 587 P.2d 870 (1978), the plaintiff, a New York resident, took a default judgment in New York against the defendant, a Kansas resident. When the plaintiff attempted to enforce the judgment in Kansas, the trial court dismissed the action upon finding there were ' "insufficient contacts with the Defendant for the New York court to acquire jurisdiction." ' 225 Kan. at 58. The lease agreement between the plaintiff and the defendant provided in part: ' "Lessee agrees that all actions or proceedings

arising directly or indirectly from this lease shall be litigated only in courts having situs within the State of New York and the Lessee hereby consents to the jurisdiction of any local, state or federal court located within the State of New York." ' 225 Kan. at 60. On appeal, we found the transaction bore a reasonable relationship to New York and stated the '[p]arties had the right to agree that New York would be the forum for determining any disputes arising out of the contract.' 225 Kan. at 61. Therefore, the trial court's analysis of personal jurisdiction based upon sufficient contacts was erroneous. Ultimately, however, we found New York did not have personal jurisdiction over the defendant because he had not received proper notice.

. . . .

"We find the forum-selection clause fair and reasonable. The forum selected is the home of one of the parties to the contract and, thus, has a reasonable relationship to the transaction. We hold Ponsoldt voluntarily consented to personal jurisdiction in Saline County, Kansas, by entering into the installment purchase and security agreement with Vanier." 251 Kan. at 99-101.

In *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992), the Tenth Circuit Court of Appeals considered a clause similar to the clause at issue here. The clause construed in *Milk 'N' More* stated that "venue shall be proper under this agreement in Johnson County, Kansas." 963 F.2d at 1343. Milk 'N' More brought suit in Johnson County against Beavert for breach of contract. Beavert removed the case to federal district court, and the federal district court remanded it to Johnson County. Beavert appealed. The Tenth Circuit stated that waiver of one's statutory right to remove a case from state to federal court must be clear and unequivocal. Any ambiguity should be construed against the drafter, which in that case was Milk 'N' More. 963 F.2d at 1346.

"We are nevertheless persuaded that the [federal] district court here correctly construed and applied the clause. Such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *The Bremen*, 407 U.S. at 10, 92 S. Ct. at 1913. Here the provision that 'venue shall be proper under this agreement in Johnson County, Kansas' seems reasonably clear and the wording strongly points to the state court of that county. The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made. [Citations omitted.]" 963 F.2d at 1346.

See *Intermountain Systems, Inc. v. Edsall Constr. Co.*, 575 F. Supp. 1195, 1198 (D. Colo. 1983).

Continental cites *Milk 'N' More* in support of its argument that the clause at issue is mandatory and provides that venue and ju-

risdiction are proper only in Florida. It further argues that paragraph 19 of the agreement, which states that Florida law applies to the agreement, lends support to its position. Continental contends that unless the clause is interpreted in this manner, it is meaningless, citing *Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988).

In *Sterling Forest Associates*, the court considered the following clause: "This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California." 840 F.2d at 250. After reviewing *The Bremen* and its progeny, the court stated:

> "The district judge concentrated on the word 'be' rather than the word 'shall.' He said that because the verb 'to be' frequently is used to express existence, the clause now in question means only that 'jurisdiction and venue shall exist in California' and 'elsewhere as well.' The problem with this interpretation is that it makes the forum selection clause meaningless and redundant. Because Barnett is a California corporation, federal jurisdiction and venue statutes provide as a matter of law that California is a proper state for suit. [Citations omitted.] It is a well established principle of contract construction that clauses which, as here, are knowingly incorporated into a contract should not be treated as meaningless. [Citations omitted.] The only meaningful reason for including the forum selection clause in the instant case was to make California jurisdiction and venue exclusive." 840 F.2d at 251.

The court listed a number of cases with similar clauses that were determined to be mandatory and exclusive. 840 F.2d at 252.

In *Karl Koch Erecting Co. v. NY Convention Ctr. Dev.*, 838 F.2d 656 (2d Cir. 1988), the court examined a clause that provided " '[n]o action or proceeding shall be commenced [Koch] against [NYCCDC] except in the Supreme Court of the State of New York.' " 838 F.2d at 659. Clearly, this language is very specific and the court so held: "This language expressly forbids Koch from commencing suit in a forum other than state court." 838 F.2d at 659. The only real question was whether the clause prevented removal by Koch to federal court. The court stated: "Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch." 838 F.2d at 659. The court in *Milk 'N' More* keyed on this language in reach-

ing its conclusion that the *Milk 'N' More* forum-selection clause was mandatory, although the *Milk 'N' More* clause contained less specific language than the *Koch* clause. 963 F.2d at 1346.

As Thompson notes, there are cases that recognize the distinction between mandatory and permissive forum-selection clauses. See *Utah Pizza Service, Inc. v. Heigel,* 784 F. Supp. 835 (D. Utah 1992), and cases cited therein. In *Utah Pizza Service,* the clause at issue provided: "The parties agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan." 784 F. Supp. at 837. The court stated that a mandatory clause contains clear language showing that jurisdiction is appropriate only in the designated forum. It found the foregoing language to be permissive because nothing in the clause indicated an intent to prohibit litigation elsewhere. If the parties had desired to prohibit all litigation outside of Michigan, they could have worded the clause to specifically reflect that desire. In response to an argument that the clause would be meaningless if found to be permissive, the court stated that was not true—it guaranteed the franchiser the right to sue all franchisees in Michigan. 784 F. Supp. at 839.

Similar rationales are found in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75 (9th Cir. 1987), and *Caldas & Sons, Inc. v. Willingham,* 791 F. Supp. 614 (N.D. Miss. 1992), *modified on other grounds* 17 F.3d 123 (5th Cir. 1994). In *Hunt Wesson Foods,* the court considered the following: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." 817 F.2d at 76. The court noted:

"A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.' 4 S. Williston, A Treatise on the Law of Contracts § 618 (W. Jaeger 3d ed. 1961)." 817 F.2d at 77.

The court then held the plain meaning of the clause was that Orange County courts had jurisdiction, but not exclusive juris-

diction. "Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction." 817 F.2d at 77.

In *Caldas & Sons*, the clause read: " 'The laws and courts of Zurich are applicable.' " 791 F. Supp. at 617. After extensively reviewing relevant case law, the court stated the clause was so vague as to be ambiguous. Interpreting the clause against its drafter, the court found the clause to be permissive. The court then stated that if it had found the language to be unambiguous, the result would be the same. "Although jurisdiction is specified by the phrase . . . there is nothing mandatory in the language used to denote exclusive jurisdiction." 791 F. Supp. at 620.

After reviewing all of the cases cited above, giving particular attention to the language of the forum-selection clauses found by courts to be mandatory rather than permissive (*Vanier*, 251 Kan. at 94—"venue for *any dispute* arising under or in relation to this contract *shall lie only* in the Seller's state and county"; *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2-4, 32 L. Ed. 2d 513, 92 S. Ct. 1907 [1972]—"*Any dispute* arising *must be treated* before the London Court of Justice"; *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 587-88, 113 L. Ed. 2d 622, 111 S. Ct. 1522 [1991]—"*all disputes and matters whatsoever arising* under, in connection with or incident to this Contract *shall be litigated,* if at all, in and before a Court located in the State of Florida, USA, to the exclusion of the Courts of any other states or country"; *National Equip. Rental, Ltd. v. Taylor,* 225 Kan. 58, 60, 587 P.2d 870 [1978]—"*all actions* or proceedings arising directly or indirectly from this lease *shall be litigated only* in the courts having situs within the State of New York"; *Sterling Forest Associates,* 840 F.2d at 250—"the parties agree that in *any dispute* jurisdiction and venue shall be in California"; *Karl Koch Erecting Co.,* 838 F.2d at 659—"*[n]o action or proceeding shall be commenced . . . except in* the Supreme Court of the State of New York" [emphasis added]), we do not find the *Milk 'N' More* rationale persuasive.

Again, the forum-selection clause at issue in *Milk 'N' More* stated that "venue shall be proper under this agreement in Johnson County, Kansas." Although the court noted that any ambiguity

should be construed against the drafter, Milk 'N' More, it appears to have done just the opposite. It ignored the words "proper under this agreement" and interpreted the clause to read "venue shall be proper in Johnson County, Kansas." In addition, the clause lacks any clear language to the effect that jurisdiction is appropriate only in Johnson County, Kansas. Obviously, "shall" indicates a mandatory intent, but the word must be taken in context.

The rationales of *Utah Pizza Service* and *Hunt Wesson Foods* are more persuasive. In those cases, the courts interpreted the clauses by simply giving the relevant language its plain meaning. This primary rule of interpretation is also recognized and applied in Kansas. See *Wood River Pipeline*, 241 Kan. at 586. In *Utah Pizza Service*, 784 F. Supp. at 838, the court noted that numerous courts

"have held that forum selection clauses which give a court jurisdiction without clearly making that jurisdiction exclusive are permissive rather than mandatory. The mere granting of jurisdiction is insufficient to make a clause mandatory. Additional language giving exclusive jurisdiction to the forum is required. Clauses which merely grant jurisdiction to a designated forum do not prohibit litigation in other appropriate fora."

When the language used in the present clause is given its plain meaning, the clause is permissive and does not prevent Thompson from bringing this action in Kansas.

This interpretation does not render the clause meaningless. As in *Utah Pizza Service*, the clause secures the franchiser's right to sue the franchisees in the franchiser's forum of choice. Such a guarantee may be necessary because Thompson is a Kansas citizen with only a few contacts with Florida. The contract is performed predominantly in Kansas as that is where Thompson's business is located, although Thompson would be required to travel to Florida for seminars. Finally, the fact that Florida law applies to the contract is not alone persuasive. As Thompson notes, Kansas courts can apply Florida law if necessary.

Reversed and remanded for further proceedings.