**DOUBLE A HOME CARE, INC., Plaintiff,**

v.

**EPSILON SYSTEMS, INC., Defendant.**

**No. 97–1429–JTM.**

United States District Court, D. Kansas.

Aug. 7, 1998.

Terry D. Criss, Hampton, Royce, Engleman & Nelson, Salina, KS, for Double A Home Care Inc, plaintiff.

Amy S. Lemley, Foulston & Siefkin L.L.P., Wichita, KS, Scott G. Bowman, Briggs & Morgan, Minneapolis, MN, for Epsilon Systems Inc., defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

The matter is currently before the court on the defendant's Motion to Dismiss which invokes a forum selection clause in the contract. There are no significant fact questions in the case. For the reasons identified herein, the court will grant the defendant's motion.

■ Forum selection clauses should be enforced unless unreasonable under the circumstances. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 588, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Such clauses have "the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. 1522 (1991).

■ The initial thrust of the argument in the brief by defendant in support of its motion was its argument that the contract clause was a true forum selection clause, mandating venue in Minnesota only. Permissive venue agreements, which provided only that venue is "proper" or "may be maintained" in a given venue are not true "forum selection clauses," and need not be given exclusive effect. *See Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir.1997); *SBKC Service Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578 (10th Cir.1997). In *SBKC Service Corp.*, the Tenth Circuit wrote that "the controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others." 105 F.3d at 582.

In the present case it appears that the parties agreed that venue would be exclusively maintained in Ramsey County, Minnesota. The Software Licensing Agreement provides:

This Agreement shall be construed and enforced in accordance with the laws of the State of Minnesota. Should an action be commenced by either Vendor or Agency with respect to this Agreement, then both the Vendor and Agency agree that *said*

*action shall be venued in the County of Ramsey, State of Minnesota.*

Agreement, § 17.d (emphasis added).

The clause at issue would clearly seem to be exclusive rather than permissive. This may be why the plaintiff has shifted gears. It does not argue in its response that Section 17.9 is merely permissive. Rather, it argues alternatively that the circumstances in the case support a finding that Kansas is the more convenient forum, that the case should be transferred rather than dismissed, or that the venue agreement was the product of an adhesion contract. I believe each of these arguments should be rejected.

▪ Forum selection clauses carry significantly less strength in determining venue where a party seeks to transfer an action to another federal court under 28 U.S.C. § 1404(a), or where such a transfer is possible. In such cases, the court must give an "individualized, case-by-case consideration of convenience and fairness" in which the forum selection clause plays "a significant factor that figures centrally," but not exclusively. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

In the present case such a balancing is inappropriate, since the court cannot transfer the case under § 1404(a). The forum selection clause here clearly requires venue in Minnesota state court. Accordingly, one-factor-among-many approach required by *Stewart* does not apply. The Fifth Circuit discussed the issue in *International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996):

Although we would prefer to apply the same *Stewart* balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply *Bremen* to motions to dismiss based on a forum selection clause. In *Jones v. Weibrecht,* 901 F.2d 17 (2d Cir.1990), the court reasoned that "[t]here is no basis ... to import the discretionary federal standard of § 1404(a) discussed in *Stewart* to the instant cases. A motion to transfer an action to another federal district pursuant to § 1404(a) calls for an 'individualized, case-by-case consid-

eration of convenience and fairness.' The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to preclude litigation from a venue other than a specific state court." *Id.* 901 F.2d at 19. (citations omitted). In *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509 (9th Cir.1988) the court explained that "[o]ur case involves a motion to dismiss, rather than to transfer venue, and because there is no federal rule directly on point the *Stewart* analysis is inapplicable." *Id.* 858 F.2d at 512 n. 2 The Second and Ninth Circuits hold that *Bremen* applies to such motions to dismiss. *Jones,* 901 F.2d at 18–19; *Manetti–Farrow,* 858 F.2d at 513. The Fourth Circuit has looked to state law to determine the motion to dismiss. *Nutter v. Rents, Inc.,* 945 F.2d 398, 1991 WL 193490, at *5–7 (4th Cir. Oct. 1, 1991). The First and Third Circuits have ruled that they need not reach the issue of whether state or federal law should govern the motion to dismiss, since under either *Bremen* or applicable state law the result is the same. *Lambert v. Kysar,* 983 F.2d 1110, 1116–22 (1st Cir.1993); *Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd.,* 859 F.2d 4, 6–8 (3d Cir.1988); *Crescent Int'l, Inc. v. Avatar Communities, Inc.,* 857 F.2d 943, 945 (3d Cir.1988). Still other courts have suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause, and that instead the motion should be treated as a motion to transfer. *Haskel v. FPR Registry, Inc.,* 862 F.Supp. 909, 915–16 (E.D.N.Y.1994); *National Micrographics Sys., Inc. v. Canon U.S.A., Inc.,* 825 F.Supp. 671, 679 (D.N.J.1993); *Page Construction Co. v. Perini Construction,* 712 F.Supp. 9, 10–11 (D.R.I.1989). However, these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court.

The forum selection clause here provides that actions "shall be venued in the County of Ramsey, State of Minnesota." The Tenth Circuit recently rejected a contention that a

similar forum selection clause did not exclude federal jurisdiction, upholding the district court's remand and imposition of costs on a party which removed an action from state court. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318 (10th Cir.1997). The court held that

> giving the language of the clause its plain meaning, we conclude the clause is mandatory and requires that any breach of contract action be brought and litigated in the District Court of El Paso County, Colorado. Although Sterling argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sits in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts." *See* 28 U.S.C. § 1391. Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court. *See Intermountain Systems v. Edsall Const. Co.,* 575 F.Supp. 1195, 1198 (D.Colo.1983) (rejecting similar argument that forum selection clause providing "venue shall be in Adams County, Colorado," could be construed to allow removal to federal district court in Colorado).

> Because we conclude the language of the forum selection clause is clear and mandatory, the only way for Sterling to avoid the effect of the clause is to demonstrate it is unfair or unreasonable. *See ABC Mobile Systems,* 701 P.2d at 139. Although Sterling complains it had little time to review the language of the contract before signing it, there is no evidence of "overreaching" on the part of Excell, that Excell had unequal bargaining power, or that the forum chosen by the parties "would be a seriously inconvenient one for the trial of the particular action." *Id.* (quoting Restatement (Second) of Conflict of Laws § 80 cmt. a (1971)). Nor has Sterling alleged it would be deprived of its day in court if forced to litigate the action in state court. Accordingly, Sterling has not dem-

onstrated that application of the clause is unfair or unreasonable.

106 F.3d at 321.

■ The balancing approach of *Stewart* does not apply, and the agreement should be enforced unless it is clearly unreasonable or unjust, or was obtained by fraud or overreaching. *Jones v. Weibrecht,* 901 F.2d 17, 19 (2d Cir.1990). The plaintiff here has failed to demonstrate either that presenting the action in Minnesota is clearly unreasonable or unjust, or that the forum selection clause was obtained unfairly by the defendant.

■ At most, plaintiff has shown that some inconvenience will be incurred by trying its action in Minnesota. But the likelihood of such inconvenience was also present when plaintiff entered into the Software Licensing Agreement, and as such, a matter for the negotiation of the parties rather than correction by the court. *Hauenstein & Bermeister, Inc. v. Met–Fab Indus.,* 320 N.W.2d 886, 890 (Minn.1982). The selection clause should be enforced unless the forum selected is "manifestly and gravely inconvenient" so as to "effectively deprive [a party] of a meaningful day in court." *M/S Bremen,* 407 U.S. at 19, 92 S.Ct. 1907. In this district, Judge Vratil wrote in *Koch Carbon, Inc. v. Viben Internat'l,* Slip op., Case No. 95–1434–KHV, 1996 WL 331120, at *1, (D.Kan. May 10, 1996):

> In the instant case, the parties negotiated this contract, and presumably included this forum selection clause to conserve resources, should litigation become necessary in the future. Their designation of Kansas as proper venue should be given great deference.

> The fact that it would be more convenient for defendants to litigate this action in Texas is of little consequence. Defendants negotiated the contract, and absent some compelling reason, should be bound by its terms.

(Footnote omitted). *See also Huntingdon Engineering v. Platinum Software Corp.,* 882 F.Supp. 54, 57 (W.D.N.Y.1995) ("that the forum selection clause is only one sentence of

the contract has no bearing on its enforceability").

There is no evidence defendant possessed unfair bargaining power, that its products were unique and essential to the plaintiff's business, that the plaintiff is inexperienced in business or was not given the opportunity to review the Software Licensing Agreement. *See Vanier v. Ponsoldt,* 251 Kan. 88, Syl. ¶ 1, 101, 833 P.2d 949 (1992) (experienced and astute businessman held bound by forum selection clause). In light of the circumstances present in the case, the court finds no justification for refusing to enforce the contract entered into by the parties.

IT IS ACCORDINGLY ORDERED this 7th day of August, 1998, that the defendant's Motion to Dismiss (Dkt. No. 14) is hereby granted.