**NATIONAL INSPECTION & REPAIRS, INC.,**
Plaintiff,

v.

**GEORGE S. MAY INTERNATIONAL COMPANY,**

**and**

**William Doane, Defendants.**

No. 01–2489–JAR.

United States District Court, D. Kansas.

May 2, 2002.

Dan E. Turner, Turner & Turner Law Firm, Topeka, KS, for Plaintiff.

Michael J. Abrams, Blaine C. Kimrey, Lathrop & Gage L.C., Kansas City, MO, for Defendants.

### *MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO TRANSFER*

ROBINSON, District Judge.

Plaintiff National Inspection & Repairs, Inc. filed an action on August 27, 2001, in the District Court of Wyandotte County, Kansas against defendants George S. May International Company (GSM) and William Doane, for negligence in connection with a contract between plaintiff and GSM for management consultation services. Defendant GSM removed the action to this court on October 4, 2001. This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 5) and defendant GSM's Motion to Dismiss or Transfer this case (Doc. 2).[1]

### *Motion to Remand*

A civil action is removable only if plaintiff could have originally brought the action in federal court.[2] The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3] Because federal courts are courts of limited jurisdiction, the law imposes a pre-sumption against federal jurisdiction,[4] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[5] The burden is on the party requesting removal to demonstrate that the court has jurisdiction.[6] The court must resolve any doubts concerning removability in favor of remand.[7]

Plaintiff contends that this case should be remanded to state court because there is no diversity of citizenship supporting diversity jurisdiction in federal court. It is undisputed that plaintiff prayed for damages of $75,000 in its petition. It is also undisputed that plaintiff is a citizen of Kansas and that defendant GSM is a citizen of Delaware with its principal place of business in Illinois. The issue is the citizenship of defendant William Doane.

In its petition filed in state court, plaintiff alleged that Doane was a "resident" of Kansas and could be served at his place of employment, Rylie Equipment in Kansas City, Kansas. In fact, on August 30, 2001, Doane was personally served with the petition and summons at Rylie Equipment in Kansas. Doane had not filed an answer to plaintiff's petition and was in default status when GSM filed its Notice of Removal on October 4, 2001. In its Notice of Removal, GSM alleged that based on a discussion

---

1. While GSM responded to plaintiff's motion to remand and plaintiff thereafter replied, plaintiff has not filed a response to GSM's motion to transfer or dismiss. Since GSM's motion was filed on October 4, 2001, before plaintiff filed its motion to remand on October 9, 2001, the Court assumes that plaintiff intended that its motion to remand serve as a response to the motion to dismiss or transfer. In any event, plaintiff is now out of time to file a response to the motion to dismiss or transfer.

2. 28 U.S.C. § 1441(a).

3. *Id.* § 1447(c).

4. *Frederick & Warinner v. Lundgren,* 962 F.Supp. 1580, 1582 (D.Kan.1997) (citing *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)).

5. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

6. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.), *cert. denied* 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

7. *J.W. Petroleum, Inc. v. Lange,* 787 F.Supp. 975, 977 (D.Kan.1992).

with Doane's employer, GSM believes that Doane is a citizen of Missouri.

In response to plaintiff's motion to remand, GSM attached two affidavits and a certified driver's license record of William Doane. One affiant, Michael J. Abrams, stated that on October 2 and October 12, 2001, he spoke with the office manager of Rylie Equipment, Doane's current employer. He was advised that Doane represented to Rylie Equipment that Doane's residential address was 312 N.E. Cedar Court in Blue Springs, Missouri. The Missouri Department of Revenue issued a certified copy of Doane's · driver's license record, which showed that as of October 11, 2001, Doane's residential address was the same address on Cedar Court in Blue Springs, Missouri. Further, the Missouri Department of Revenue records reveal that this was Doane's address in March of 2001 when he applied for a commercial driver's license. Abrams affidavit further states that his review of GSM's personnel files revealed that at the time Doane terminated employment at GSM, he was residing at another address in Blue Springs, Missouri. Finally, Abrams, as well as the second affiant, Blaine C. Kimrey, stated that their respective efforts to contact Doane at the Cedar Court address by letter and in person were not successful. The letter Abrams sent got no response from Doane; when Kimrey visited the Cedar Court address, no one was home.

In seeking removal from state court to federal court, GSM has the burden of proving by a preponderance of evidence that the requirements for diversity jurisdiction are present.[8] The defendant or defendants may remove a state court action to federal court, based on diversity of citizenship, if no defendant "is a citizen of the State in which such action is brought."[9] In other words, removal requires complete diversity between plaintiff and the defendants.[10] A person is a citizen of the state in which the person is domiciled. Domicile has two elements: the place the person resides coupled with a present intent to remain there.[11] In determining diversity jurisdiction, domicile is determined as of the date the complaint is filed.[12]

 Plaintiff alleged in its petition in state court that defendant Doane was a resident of Kansas. Having challenged this assertion, GSM must prove that Doane is not a citizen of Kansas, thus establishing complete diversity of defendants and plaintiff. The Court finds that GSM has met that burden of proof. GSM asserted in its Notice of Removal that based on its discussions with Doane's current employer, Doane resides in Missouri. GSM further showed, in affidavits and a certified copy of Doane's driver's license record, that Doane resided in Missouri at the time he terminated his employment with GSM, that Doane represented to his current employer that he resides in Missouri, and that, as of March, 2001 and continuing through at least October, 2001, Doane had a Missouri driver's license which identified his residential address in Missouri. All of this establishes that Doane resided in Missouri on or about the time plaintiff filed its petition in state court in August 2001, and continued to reside in Missouri on or about the time

**8.** *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir.2001).

**9.** 28 U.S.C. § 1441(a) and (b)..

**10.** 28 U.S.C. § 1332(a)(1).

**11.** *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 46, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989); *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983).

**12.** *Johnston v. Cordell Nat. Bank*, 421 F.2d 1310, 1311 (10th Cir.1970).

GSM filed its Notice of Removal on October 4, 2001.[13]

While residency alone does not establish domicile, it does create a presumption of domicile for diversity purposes.[14] The place where a person lives is assumed to be his domicile unless the evidence establishes the contrary.[15] Plaintiff has done nothing to rebut this presumption or defendant's showing of domicile by affidavits and driver's license records. In *State Farm Mutual Automobile Insurance Company v. Dyer*,[16] the Tenth Circuit considered evidence such as driver's license records as relevant to the question of domicile for diversity purposes.

Furthermore, the fact that Doane has not responded to a letter mailed to his address on Cedar Court in Blue Springs, and that no one was home when someone attempted to contact Doane there, does not rebut the presumption of domicile at his last known residential address. As the Tenth Circuit noted in *State Farm*, absent evidence that the defendant has taken up residence elsewhere, it is appropriate to conclude that the domicile has not changed.[17]

Finally, plaintiff argues that because Doane had not filed an Answer to its petition, and was in fact out of time to file an answer by the time GSM removed the action, Doane is deemed to have admitted the averment in the Petition that Doane is a resident of Kansas. In *State Farm*, a defendant affirmatively admitted an element of diversity, but the court rejected plaintiff's argument that such an admission served to establish diversity with respect to the other defendants, stating

> We have also noted that in an answer filed through counsel for Dyer in the federal declaratory action, there was a statement that "Defendant admits for purposes of this action that he is a resident of the State of Oregon," while the remaining allegations of paragraph 2 of the complaint were denied for lack of sufficient knowledge to form a belief as to their truthfulness. While this admission may be considered against Dyer on the diversity of citizenship question, it is not admissible against Colley and the other codefendants who are challenging diversity jurisdiction in the instant case.[18]

Doane's failure to timely answer plaintiff's petition may serve as an admission by him

---

**13.** While the amount-in-controversy requirement is determined as of the Notice of Removal, *see Coca–Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280 (D.Kan.2002), diversity of citizenship is determined as of the time of the state court filing. *See, e.g., Bivens v. Equitable Life Assurance Society*, No. 99–1722–CIV–T–17B, 2000 WL 343178 (M.D.Fla. Mar. 17, 2000) (using affidavits submitted after the notice of removal to establish diversity of citizenship); *Terrell Indep. Sch. Dist. v. Benesight, Inc.*, No. 3:01–CV–1834–G, 2001 WL 1636418 (N.D.Tex. Dec. 18, 2001) (using facts in Defendant's response to support the finding that the Defendant did not have its principal place of business in Texas and, therefore, holding that there was complete diversity of citizenship).

**14.** *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941); *Bair v. Peck*, 738 F.Supp. 1354, 1356 (D.Kan. 1990).

**15.** *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994) (stating that a person's residence is his prima facie domicile).

**16.** *Id.* at 519.

**17.** *Id* (quoting *Spann v. Northwestern Mut. Life Ins. Co.*, 795 F.Supp. 386, 390 (M.D.Ala. 1992), where the court stated, "Prior to his disappearance [defendant] was domiciled in Dothan, Alabama. Since no one knows where he went there is no way to show that he has taken up residence elsewhere with intent to stay.... As such, his current domicile for diversity purposes is still considered to be Alabama.").

**18.** *Id.* at 520 n. 9 (citing *Leeds v. Marine Ins. Co. of Alexandria*, 15 U.S. 380, 383, 2 Wheat. 380, 4 L.Ed. 266 (1817) ("the answer of one defendant cannot be used as evidence against his co-defendant"); 4 Wigmore *Evidence*,

to the averment that he is a citizen of Kansas, but cannot serve as an admission against the interests of GSM, who has made a showing of complete diversity of citizenship. Plaintiff's motion to remand is denied.[19]

### Motion to Dismiss or Transfer

■ GSM moves for dismissal or transfer of this case to the United States District Court for the Northern District of Illinois, pursuant to a "forum selection clause" in GSM's contract with plaintiff. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[20] When construing language that limits the filing of actions, the parties' stated intent should be given effect.[21]

The clause at issue here, found in the parties' Authorization for Management Service and Method of Payment, states:

12) It is expressly agreed that this printed document embodies the entire agreement of the parties in relation to the subject matter of the Management Service to be rendered by the Company, and that no understandings or agreement, verbal or otherwise, in relation thereto, exist between the parties except as herein expressly set forth. It is agreed by and between the parties that jurisdiction shall vest in the State of Illinois.

■ As the Tenth Circuit noted in *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*[22], some forum selection clauses are mandatory, others permissive. Mandatory forum selection clauses have language that clearly expresses that jurisdiction is appropriate only in the designated forum[23], while permissive forum selection clauses authorize jurisdiction in a particular forum, but not to the exclusion of other forums.[24] By way of example, the Tenth Circuit noted that a clause stating "venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county," has been deemed mandatory;[25] but that a clause stating "...the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan," has been deemed permissive.[26]

---

§ 1076 at 156 (Chadbourn rev.1972) ("the admissions of one co-plaintiff or codefendant are not receivable against another, merely by virtue of his position as a coparty in the litigation") (emphasis omitted); 31 A C.J.S. *Evidence,* § 318 at 812 ("[a]n admission of one party is not binding on, or evidence against, a coparty"); 29 Am.Jur.2d Evidence, § 699 at 756 ("the admissions of a defendant are not admissible against his codefendants")).

**19.** D. Kan. R. 81.2 requires the removing party to file the state court records with the district court clerk within 20 days of removal. Although GSM has not complied with the rule, the Court declines to remand the case on this ground.

**20.** *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 588, 111 S.Ct. 1522, 113

L.Ed.2d 622 (1991); *Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir.1992).

**21.** *SBKC Service Corp. v. 1111 Prospect Partners, L.P.,* 105 F.3d 578, 582 (10th Cir.1997).

**22.** 106 F.3d 318, 321 (10th Cir.1997) (citations omitted).

**23.** *Id.* (citing *Thompson v. Founders Group Intern., Inc.,* 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994) (citation omitted)).

**24.** *Id.* (citing *Utah Pizza Service, Inc. v. Heigel,* 784 F.Supp. 835, 837 (D.Utah 1992)).

**25.** *Thompson,* 886 P.2d at 910 (1994) (citing *Vanier v. Ponsoldt,* 251 Kan. 88, 833 P.2d 949 (1992)).

**26.** *Id.* (citing *Utah Pizza Serv. v. Heigel,* 784 F.Supp. at 837).

In *Milk 'N' More, Inc. v. Beavert*,[27] the Tenth Circuit construed as mandatory a clause in the parties' agreement that provided:

> The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that *venue shall be proper under this agreement in Johnson County, Kansas.*[28]

The court considered the use of the phrase "shall be proper" coupled with a designation of a specific forum, as generally indicating an intent that the forum selection was mandatory.[29]

In *Excell*, the Tenth Circuit construed as a mandatory forum selection clause, the language, "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," because "shall" coupled with a specific forum, sounds mandatory.[30] But in *SBKC Service Corp. v. 1111 Prospect Partners, L.P.*,[31] the court determined that the following language did not constitute a forum selection clause, "an action *may be maintained* in the State of Kansas and the County of Wyandotte for the purposes of collecting . . . a deficiency."[32]

■ In this case, the forum selection clause states, "jurisdiction shall vest in the

State of Illinois," which includes the mandatory sounding "shall," but does not designate a specific forum in the State of Illinois, nor select a specific forum, such as the court in a particular county, or the court in a particular federal district in Illinois. Because the language does not indicate a particular forum, it can be construed to not select a forum as between federal and state courts, but to express an agreement that the action will be brought in either state or federal courts in Illinois, to the exclusion of courts in any other state or federal district outside of Illinois. In both *Johnson v. Northern States Power Co.*[33] and *Silva v. Encyclopedia Britannica, Inc.*,[34], the courts found the respective forum selection clauses were mandatory despite similar language that left the forum open to both state and federal jurisdiction in a particular state. This Court finds these cases persuasive and therefore holds that the forum selection clause in this case is mandatory.

Yet, as Judge Marten noted in *Double A Home Care, Inc. v. Epsilon Systems, Inc.*,[35]

> [f]orum selection clauses carry significantly less strength in determining venue where a party seeks to transfer an action to another federal court under 28 U.S.C. § 1404(a), or where such a transfer is possible. In such cases, the court

**27.** 963 F.2d 1342 (10th Cir.1992).

**28.** *Id.* at 1343 (emphasis added).

**29.** *Id.*

**30.** 106 F.3d at 320.

**31.** 105 F.3d 578 (10th Cir.1997).

**32.** *Id.* at 580, 582.

**33.** 2000 WL 1683658, at *4–5 (D.Kan. Nov. 2, 2000) ("any and every legal proceeding arising out of or in connection with this Agree-

ment shall be brought in the appropriate courts of the State of Minnesota, each of the parties hereby consenting to the exclusive jurisdiction of Minnesota courts for this purpose.").

**34.** 239 F.3d 385, 386 (1st Cir.2001) ("This agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois.").

**35.** 15 F.Supp.2d 1114 (D.Kan.1998) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

must give an 'individualized, case-by-case consideration of convenience and fairness' in which the forum selection clause plays 'a significant factor that figures centrally,' but not exclusively.[36]

Here, the language is mandatory and the Court must enforce the clause to allow for transfer to the Northern District of Illinois, unless the clause is unfair or unreasonable.[37] Plaintiff has not alleged that the clause should not be enforced for these reasons. Therefore, the motion to transfer or dismiss will be granted and this case shall be transferred to the United States District Court for the Northern District of Illinois.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. 5) is DENIED.

**IT IS FURTHER ORDERED** that defendant GSM's motion to transfer (Doc. 2) is GRANTED.

IT IS SO ORDERED.