(87 P.3d 341)
No. 91,150

STEVE AYLWARD, *Appellant*, v. DAR RAN FURNITURE INDUSTRIES, INC., *Appellee*.

Opin-
ion filed April 9, 2004.

*John W. Gilliford, Jr.* and *Roger J. Dade*, of The Gilliford Law Firm, of Prairie Village, for appellant.

*Gregory J. Pappas*, of Cohen McNeile Pappas & Shuttleworth P.C., of Leawood, for appellee.

Before MALONE, P.J., MARQUARDT and HILL, JJ.

MALONE, J.: Steve Aylward appeals the district court's dismissal of his breach of contract claim. The issue is whether the contract's forum selection clause is enforceable. We affirm.

On or about December 16, 1998, Aylward and Dar Ran Furniture Industries, Inc. (Dar Ran) entered into a "manufacturer's representative agreement." The agreement was signed in North Car-

olina while Aylward was attending a business meeting. Dar Ran is a North Carolina corporation.

Aylward had been working as a sales consultant for Dar Ran since 1980 and is a resident of Johnson County, Kansas. Aylward transacted business within Kansas and throughout the midwest selling Dar Ran products. Aylward's amended petition claimed that Dar Ran failed to pay him $9,462.96 in earned commissions.

Dar Ran filed a motion to dismiss for lack of jurisdiction claiming that the written contract contained a forum selection clause requiring the parties to litigate any dispute in North Carolina. The pertinent section of the contract reads as follows:

"6.1 Applicable Law

This agreement, its execution, interpretation and performance shall be governed by the laws of the State of North Carolina. [Aylward] does hereby consent to and submits to the jurisdiction of the courts within North Carolina for any action arising under this agreement and agrees that process may be served upon them in any manner provided by the laws of said State. *This agreement was executed in North Carolina and any dispute arising hereunder shall be resolved by the courts within North Carolina.*" (Emphasis added)

The district court granted the motion to dismiss, finding that the written agreement between the parties was "clear and unambiguous" and required that "plaintiff's action be brought in North Carolina." Alyward's motion to reconsider was denied and this timely appeal follows.

"The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. [Citation omitted.]" *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743,763, 27 P.3d 1 (2001).

The district court found that it lacked jurisdiction, based on the language of section 6.1 of the written agreement. On appeal, Aylward alleges that the language included in the forum selection clause was "permissive" as opposed to being "mandatory" because the language did not "prohibit litigation elsewhere."

In support of this interpretation, Aylward relies entirely on this court's decision in *Thompson v. Founders Group Int'l, Inc.*, 20 Kan. App. 2d

261, 886 P.2d 904 (1994). The language of the *Thompson* forum selection clause stated that " 'jurisdiction and venue of any action brought pursuant to this Agreement . . . *shall properly lie*' " in a specific judicial district in Florida. (Emphasis added.) 20 Kan. App. at 262. In *Thompson,* this court held that the particular forum selection clause was merely "permissive" and allowed the action to be brought in Kansas.

The *Thompson* court distinguished the language of its forum selection clause from the contractual language found in *Vanier v. Ponsoldt,* 251 Kan. 88, 833 P.2d 949 (1992). The *Vanier* court enforced a forum selection clause which read, " 'jurisdiction and venue for any dispute arising under or in relation to this contract shall lie only in the Seller's state and county.' " 251 Kan. at 94.

The *Vanier* court recognized there is a modern trend toward enforcing forum selection clauses. In particular, the *Vanier* court noted that the United States Supreme Court had enforced forum selection clauses in *The Breman v. Zapata Off-Shore Co.,* 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972), and *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991), reversing the long held belief that such clauses were contrary to public policy.

The contract at issue does not select a specific court within North Carolina for the suit to be brought. In *National Inspection & Repairs, Inc. v. George May International Co.,* 202 F. Supp. 2d 1238 (D. Kan. 2002), the District Court of Kansas enforced a similar forum selection clause which stated that "jurisdiction shall vest in the State of Illinois." 202 F. Supp. 2d at 1244. The court noted that the clause could not be construed to select a forum as between the state or federal courts within Illinois; however, the language did "express an agreement that the action will be brought in either state or federal courts in Illinois, to the exclusion of courts in any other state or federal district outside of Illinois." 202 F. Supp. 2d at 1244 (citing to *Johnson v. Northern States Power Co.,* 2000 WL 1683658 [D. Kan. 2000], and *Silva v. Encyclopedia Britannica, Inc.,* 239 F.3d 385, 386 [1st Cir. 2001]).

Other courts have recently upheld forum selection clauses similar to the one found in Alyward's contract. In *Double A Home Care, Inc. v. Epsilon Systems Inc.,* 15 F. Supp. 2d 1114 (D. Kan.

1998), the federal court found the following language to be mandatory: "Both the Vendor and Agency agree that said action shall be venued in the County of Ramsey, State of Minnesota." 15 F. Supp. 2d at 1115-116. Furthermore, the *Double A* court clearly defined what it considered examples of "permissive venue agreements." The court noted that language which provides that venue is "proper" or "may be maintained" in a certain venue "are not true 'forum selection clauses,' and need not be given exclusive effect." 15 F. Supp. 2d at 1115.

The language in Alyward's contract uses neither of these "permissive" phrases. Instead, it explicitly states that "any dispute arising hereunder shall be resolved by the courts within North Carolina."

Dar Ran could have removed all doubt about the mandatory nature of the forum selection clause by inserting more exclusive language such as "only" or "to the exclusion of." However, the language of the clause as written clearly evinces an intention by the parties to require that all lawsuits be brought in North Carolina to the exclusion of any other state. The language is clearly meant to prevent the parties from bringing an action anywhere but North Carolina and is far more exclusive than the "shall properly lie" language discussed by the *Thompson* court.

A forum selection clause, even if exclusive, will not be enforced unless the selected forum bears "a reasonable relationship to the transaction." *Vanier*, 251 Kan. 88, Syl. ¶ 2. Here, Dar Ran is located in North Carolina and the contract was signed in North Carolina. Clearly, the North Carolina forum bears a reasonable relationship to the transaction.

Furthermore, a forum selection clause in a contract must not have been "entered into under fraud or duress." *Vanier*, 251 Kan. 88, Syl. ¶ 2. Aylward claims that he "was required to sign the agreement without the opportunity to thoroughly read and review the terms and conditions." However, it is the responsibility of every contracting party to learn and know the contents of a contract before signing it. *Commercial Credit Corporation v. Harris*, 212 Kan. 310, 314, 510 P.2d 1322 (1973). In the *Vanier* case, an "experienced and astute businessman" was bound by the forum selection

clause despite his claim that the clause was "buried" in the agreement. *Vanier*, 251 Kan. at 101.

Aylward also claims that Dar Ran had "unfair bargaining power" and that his signature was "coerced by threat of termination." However, Aylward has presented no evidence to support these allegations. An appellant has the duty to designate a record sufficient to establish any claimed error. *Unrau*, 271 Kan. at 777.

Finally, Aylward claims that the clause is unenforceable because it would effectively deprive him of his day in court. This is not true. Aylward is free to bring this claim in North Carolina.

Since we conclude that the forum selection clause in Aylward's contract is enforceable, we do not need to examine whether a Kansas court would have jurisdiction over the parties under K.S.A. 60-308(b).

Affirmed.