**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

GARY L. CUMMINGS, an
individual, JAMES BITTLE, and
SEAN STEINER,

      Plaintiffs-Appellees,

  v.

FEDEX GROUND PACKAGE
SYSTEM, INC., a Delaware
Corporation,

      Defendant-Appellant.

No. 04-1247

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 03-N-1371 (MJW))**

---

Submitted on the briefs:

Wade Warthen, Kissinger & Fellman, P.C., Denver, Colorado, Frank C. Botta and
Ellen P. Milcic, Thorp Reed & Armstrong, LLP, Pittsburgh, Pennsylvania, for
Defendant-Appellant.

Max A. Minnig Jr., Denver, Colorado, for Plaintiffs-Appellees.

Before **LUCERO, PORFILIO**, and **BALDOCK**, Circuit Judges.

**LUCERO**, Circuit Judge.

This appeal involves a dispute regarding the scope of a narrowly drawn arbitration clause. The district court denied a motion by defendant FedEx Ground Package System, Inc. ("FedEx"), to compel arbitration of two claims contained in a complaint filed against it by plaintiffs Gary Cummings, James Bittle, and Sean Steiner. In June 2003, the plaintiffs brought suit against FedEx in Colorado state court asserting claims for rescission, fraud, negligent misrepresentation, breach of contract, breach of the covenant of good faith, and deceptive trade practices. FedEx removed the case to federal court on the basis of diversity jurisdiction, and then filed a motion to dismiss the action under Fed. R. Civ. P. 12(b)(1) and to compel arbitration, citing an arbitration clause in agreements signed by each plaintiff. Plaintiffs amended their complaint to clarify that their claims are based solely on oral representations allegedly made by FedEx, not on the written agreements. FedEx reasserted its motion to dismiss and to compel arbitration of the amended complaint. The district court denied FedEx's motion, ruling that the nature of plaintiffs' claims fell outside the scope

of the arbitration clause. We exercise jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(C) and affirm. [1]

## BACKGROUND

Plaintiffs entered into separate, but for all relevant purposes identical, contracts with FedEx to serve as package delivery contractors. Plaintiffs allege in their complaint that, prior to the execution of any agreement, FedEx made oral representations to them concerning the amount of income plaintiffs would earn based on their workload and assigned delivery route, as well as the assistance that FedEx would provide them. Each plaintiff alleges that, in response to FedEx advertisements, he met with a FedEx regional recruiter to inquire about acquiring a FedEx delivery route. The complaint alleges a FedEx recruiter told each plaintiff he would be assigned a route and that, if he worked between ten and twelve hours a day, he would earn approximately $1,500 a week, plus bonuses, on that route. Plaintiffs also allege the FedEx recruiter told them they were required to purchase a truck, but that FedEx would assist them in reselling their route and the truck if they left FedEx.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Each plaintiff later signed FedEx's form Pick-Up and Delivery Contractor Operating Agreement (the "Operating Agreement"), and, as required, purchased a FedEx truck. [2] Each was assigned a delivery route, originating from a Colorado FedEx facility. The plaintiffs allege that, despite working in excess of the recommended hours per day, they were never able to earn close to the amount of money represented by FedEx on their assigned route; Cummings and Bittle allege they were unable to earn more than $400 a week, despite working more than twelve hours a day. All of the plaintiffs resigned from FedEx in 2001. They allege that FedEx refused to assist them in selling their trucks.

In its motion to compel arbitration, FedEx cites the following arbitration clause contained in each Operating Agreement:

> 12.3 Arbitration of Asserted Wrongful Termination . In the event FedEx Ground acts to terminate this Agreement (which acts shall include any claim by [plaintiff] of constructive termination) and [plaintiff] disagrees with such termination or asserts that the actions of [defendant] are not authorized under the terms of this Agreement, then each such disagreement (but no others) shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA) . . . .

Aplt. App. at 262-63.

The arbitration clause also includes a requirement that claims be submitted to arbitration within ninety days of any wrongful termination. Plaintiffs did not

---

[2] Bittle and Steiner signed the agreement in October and December 2000, respectively, and Cummings signed in February 2001.

submit any claims to arbitration, and FedEx contends they would now be time-barred from doing so.

Although plaintiffs' amended complaint asserts eight claims, FedEx only contends two claims are subject to arbitration: the fourth claim, for breach of implied contract, and the fifth claim, for breach of the implied duty of good faith and fair dealing arising out of an implied contract. The fourth claim alleges that:

> FedEx contracted with Plaintiffs, either directly or though promissory estoppel, to aid the Plaintiffs in selling their routes and or trucks if things did not work out. Such agreement does not arise from the terms of the written Contract supplied by FedEx. FedEx breached this agreement with Plaintiffs and Plaintiffs have been damaged thereby.

Aplt. App. at 97-98 (paragraph break and numbers omitted).

> The fifth claim alleges that:
>
> Plaintiffs had an implied contractual relationship with FedEx concerning income, time to complete routes and aid in selling trucks and routes upon termination, and implied thereby is the covenant of good faith and fair dealing. By failing to inform Plaintiffs of the efforts necessary to make the type of money being represented, by failing to aid Plaintiffs in selling their routes or trucks, and by other similar or related acts, FedEx has breached the covenant of good faith and fair dealing with the Plaintiffs. Plaintiffs have been damaged by such breach.

*Id*. at 98 (paragraph breaks and numbers omitted).

In rejecting FedEx's argument that these two claims were subject to arbitration, the district court first noted that the clause is a narrow one, which limits arbitration to very specific types of disputes. *See McDonnell Douglas Fin.*

*Corp. v. Pennsylvania Power & Light Co.*, 858 F.2d 825, 832 (2d Cir. 1988) (discussing the difference between broad and narrow arbitration clauses). By its terms, the arbitration clause in the Operating Agreement only covers acts by FedEx to terminate the Operating Agreement or acts claimed by plaintiffs to constitute a constructive termination of the Operating Agreement.

The district court noted that the fourth claim explicitly states it is not premised on the Operating Agreement, that the fifth claim explicitly states it is based only on an implied contractual relationship, and that the amended complaint states generally that "[a]ll claims against FedEx stated herein are based on oral representations concerning the income, workload and aid in selling trucks and route, and do not arise from the terms of the signed contract between FedEx and the Plaintiffs." Aplt. App. at 95. Thus, because plaintiffs do not contend that FedEx wrongfully terminated the Operating Agreement, the district court ruled that neither the fourth nor the fifth claim falls within the purview of the Operating Agreement's arbitration clause.

## ANALYSIS

We review the denial of a motion to compel arbitration de novo. *Spahr v. Secco*, 330 F.3d 1266, 1269 (10th Cir. 2003). Because the Operating Agreement containing the arbitration clause is a "contract evidencing a transaction involving commerce," 9 U.S.C. § 2, the Federal Arbitration Act governs this case. Where,

as here, the parties dispute "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy, [the question] is for the court." *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002). We first examine "the scope of that agreement and then determine whether [plaintiffs'] claims fall within its scope." *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004).

"To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court should undertake a three-part inquiry." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc*., 252 F.3d 218, 224 (2d Cir. 2001).

> First, recognizing there is some range in the breadth of arbitration clauses, a court should classify the particular clause as either broad or narrow. Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. *Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview*. Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it.

*Id.* (emphasis added; internal citations and quotations omitted).

On appeal, FedEx argues that the factual underpinning of plaintiffs' fourth and fifth claims is the allegation that FedEx either directly or indirectly terminated the Operating Agreement. FedEx states that all doubts as to the scope

of the arbitration clause should be construed in favor of arbitration, and argues that because the claims bear a significant relationship to the Operating Agreement, they necessarily arise out of this contract. This argument overlooks, however, the narrow scope of the arbitration clause.

It is true that "[t]he Supreme Court has long recognized and enforced a liberal federal policy favoring arbitration agreements," and that "[u]nder this policy, the doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Nat'l Am. Ins. Co.*, 362 F.3d at 1290 (quotations omitted). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted). When an arbitration clause is narrowly drawn, the policy in favor of arbitration does not have the "strong effect here that it would have if we were construing a broad arbitration clause." *McDonnell Douglas Finance*, 858 F.2d at 832.

Here, as the district court ruled, we are presented with a narrowly drawn arbitration clause. It is not the type of broad provision that "refer[s] all disputes arising out of a contract to arbitration." *Id.* Rather, the parties clearly manifested an intent to narrowly limit arbitration to specific disputes regarding the termination of the Operating Agreement. In construing the scope of a narrow

arbitration clause, we must take care to carry out the specific and limited intent of parties. *Id.*

Under a narrow arbitration clause, a dispute is subject to arbitration only if it relates to an issue that is on its face within the purview of the clause, and collateral matters will generally be beyond its purview. *Louis Dreyfus Negoce*, 252 F.3d at 224; *Twin City Monorail, Inc. v. Robbins & Myers, Inc*., 728 F.2d 1069, 1073 (8th Cir. 1984). The arbitration clause in this case manifests an obvious intent to be narrowly construed. *Cf. Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d at 1291 (determining that parties manifested an intent to limit the scope of arbitration). Thus, a dispute that is merely collateral to the Operating Agreement is beyond the purview of this narrow arbitration clause.

We agree with the district court that plaintiffs do not allege that FedEx actually or constructively terminated the Operating Agreement, which, according to its unambiguous terms, are the only disputes subject to arbitration. The subject matter of the claims – oral representations and implied agreements concerning income and truck resale assistance made prior to the execution of the Operating Agreement – is not reasonably factually related to a dispute over the termination, direct or otherwise, of the Operating Agreement. Notably, the Third Circuit has construed the same arbitration clause very narrowly. The arbitration clause in the Operating Agreement states that, should a dispute be submitted to arbitration, the

arbitrator shall only have authority to determine whether the termination was within the terms of the Operating Agreement. Aplt. App. at 198, 264, 328. FedEx has successfully argued that the identical arbitration clause is so narrow as to preclude an arbitrator from ruling that FedEx denied a contractor due process in terminating his agreement. *Roadway Package Sys., Inc. v. Kayser*, 257 F.3d 287, 289, 300-01 (3d Cir. 2001). [3] If the clause does not give an arbitrator authority over a dispute as related to termination as the procedures used in the termination, it does not encompass an even broader dispute such as whether enforceable oral representations were made prior to and apart from the written terms of the Operating Agreement.

FedEx next argues that plaintiffs are prevented from claiming there is an implied agreement based on the alleged oral representations because each Operating Agreement contains a merger clause stating that the contract is the entire agreement between the parties, and, under the parole evidence rule, courts may generally not consider evidence of terms outside of an integrated written agreement. This argument is only relevant, however, to the question of whether FedEx has defenses to plaintiffs' claims, not to the question of whether the claims

---

[3] FedEx acknowledges that it is the same corporate entity as Roadway Package System and that the arbitration clause in *Roadway* is substantively identical to the one at issue in this case. *See* Aplt. Opening Brief at 11, n.13; Aplt. Reply Br. at 1, n.1

-10-

are subject to arbitration. In any event, we do not consider the argument, because it was raised for the first time on appeal. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1270-71 (10th Cir. 2000).

In summary, given the narrow scope of the arbitration clause, we conclude that the district court correctly ruled that the fourth and fifth claims of plaintiffs' complaint are not disputes within the scope of the arbitration agreement. The judgment of the district court is AFFIRMED.