GORSUCH, Circuit Judge,
concurring.
I am pleased to join Judge Lucero’s lucid opinion for the court. Its analysis is thorough and its result dictated by our precedent. I write separately only to question this business of classifying arbitration clauses as “broad” or “narrow.”
As the majority opinion notes, in Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258 (10th Cir.2005), we recently imported into our jurisprudence a test apparently conceived by the Second Circuit. Id. at 1261 (citing Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir.2001)). According to the Second Circuit (and, after Cummings, now us), the first thing a court must do when deciding the arbitrability of a claim under the Federal Arbitration Act (FAA) is to classify the parties’ arbitration clause as either “broad” or “narrow.” If the clause is thought to be “broad” then “there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered.” Id. (quoting Louis Dreyfus, 252 F.3d at 224). But if we deem a clause “narrow,” we are required to “take care to carry out the specific and limited intent of [the] parties” and a dispute will be subject to arbitration “only if it relates to an issue that is on its face within the purview of the clause, and collateral matters will generally be beyond its purview.” Id. at 1262 (citing Louis Dreyfus, 252 F.3d at 224). Under this regime, the strength of the presumption of arbitrability thus depends on a critical classification of the parties’ clause: the presumption is strong if the clause is deemed “broad,” but weaker if the clause is deemed “narrow.” See id. (‘When an arbitration clause is narrowly drawn, the policy in favor of arbitra *1201 tion does not have the ‘strong effect here that it would have if we were construing a broad arbitration clause.’ ”) (quoting McDonnell Douglas Fin. Corp. v. Pennsylvania Power & Light Co., 858 F.2d 825, 832 (2d Cir.1988)).
As a panel of this court we are bound to abide our precedent compelling this taxonomic task, but respectfully I question its appropriateness and utility. On the first of these scores, the relevant statute, the FAA, admits no distinction between “broad” and “narrow” clauses. All arbitration clauses, Congress has told us, are equally “valid, irrevocable, and enforceable.” 9 U.S.C. § 2. There is nothing in the language of the Act that suggests some clauses are more equal than others — a sort of four legs good, two legs bad. In Moses H. Cone Mem’l Hosp. v. Mercury Constr Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court recognized precisely this point, holding that the FAA embodies “a liberal federal policy favoring arbitration agreements” applicable to all agreements within the Act’s purview. Id at 24, 103 S.Ct. 927. Neither Congress nor the Court, then, has suggested that we should engage in the scholastic task of classifying the parties’ clause according to some abstract taxonomy, let alone as a first and necessary step in any arbitration dispute. Nor have they given us leave to vary the strength of the presumption of arbitrability based on the results of such a classification. It seems to me that we ought not be in the business of burdening a statute with words Congress has not written or inventing a test the Supreme Court has not endorsed. For just these reasons, the Eleventh Circuit has rejected the notion that the strength of the presumption of arbitrability hinges on a clause being classified as broad versus narrow. Ivax Corp. v. B. Braun of Am., 286 F.3d 1309, 1320 n. 23 (11th Cir.2002) (“It appears to us ... that the Court in Moses Cone made no such distinction” between broad and narrow clauses.).
Not only is this categorization business and its resulting effect on the presumption of arbitration without a basis in the FAA or Supreme Court precedent, the utility of such an undertaking, as the Seventh Circuit has observed, “is dubious at best.” Int’l Bhd of Elec. Workers v. Illinois Bell Tel. Co., 491 F.3d 685, 688 (7th Cir.2007). The question of arbitrability is simply and always a matter of straightforward contract interpretation. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (arbitration is a “matter of contract”); dimer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (purpose of FAA was “to place arbitration agreements on the same footing as other contracts”). No additional taxonomies or tests are needed for this long familiar enterprise. When the arbitrability of a particular matter is plain on the face of the parties’ agreement, the agreement is enforceable according to its terms — whether the arbitration clause is “broad” or “narrow” or somewhere in between (where, if we are to be frank, many clauses will fall). If and to the degree an agreement contains some residual ambiguity, that’s when the Moses Cone presumption of arbitrability applies — and applies evenhandedly. We are told by the Supreme Court, again categorically, that “any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.” Moses Cone, 460 U.S. at 24-25, 103 S.Ct. 927. An artificial dichotomy should not replace reasoned analysis of the parties’ contractual agreement. It ought not be the case that, simply because we hold an arbitration clause to be “broad,” we auto *1202 matically have license, as Cummings suggests, to send “collateral matters” to arbitration even if those matters plainly fall outside the boundaries of the parties’ arbitration clause. Neither ought it be the case that we “take care to carry out the specific and limited intent of [the] parties,” only when faced with a “narrow” agreement, as Cummings implies. Our job is always to enforce the parties’ intent and, absent such clear intent, apply the presumption of arbitrability.
Though the result in this case is the same whether or not we apply Cummings, and thus the judgment reached by the court today is surely right, it seems to me we have made more and needless work for ourselves in arbitration cases in having to peg clauses “broad” or “narrow.” Conventional tools of contract interpretation are sufficient to the task of deciding these cases, the only ones authorized by statute or the Supreme Court, and in no need of adornment.