(213 P.3d 437)
No. 100,231

SETH PACKARD AND QUINCI PACKARD, *Appellees*, v. CREDIT
SOLUTIONS OF AMERICA, INC., A/K/A CSA—CREDIT SOLUTIONS
OF AMERICA, INC., *Appellants*.

Opinion filed July 31, 2009.

John Jackson Miller, of Swanson Midgley, LLC, of Kansas City, Missouri, and Derek S. Witte, of Grand Rapids, Michigan, for appellants.

L. Donald Huelson, of Huelson Law Firm, LLC, of Olathe, for appellees.

Before HILL, P.J., ELLIOTT and LEBEN, JJ.

ELLIOTT, J.: Credit Solutions of America, Inc. (CSA), appeals the denial of its motion to compel arbitration, or in the alternative, to dismiss for lack of jurisdiction. We reverse and remand.

CSA is a Texas corporation offering debt reduction and/or resolution services to its clients through negotiation and settlement with the client's creditors. Appellees Quinci Packard and Seth Packard are Kansas residents.

The Packards sued CSA, claiming violations of the Kansas Consumer Protection Act (KCPA) and the Kansas Credit Services Organization Act (KCSOA). The Packards alleged CSA engaged in deceptive practices in violation of the KCPA, including taking debit transaction amounts from their bank accounts while not authorized to do business in Kansas. And the Packards also alleged CSA failed to register in Kansas as a credit services organization in violation of the KCSOA.

CSA moved to compel arbitration or to dismiss the suit, arguing arbitration was the required method of resolution pursuant to a provision in the agreement between the parties. Alternatively, CSA argued the matter should be dismissed for lack of jurisdiction and/ or improper venue pursuant to a forum selection provision in the agreement providing for venue of dispute resolution in Dallas, Texas.

The relevant provisions of the agreement provided:

Paragraph 10:

"**Arbitration of Dispute.** - If there is any dispute between the parties arising out of this agreement, the parties agree to submit that dispute to binding arbitration under·the auspices of the American Arbitration Association (AAA)."

Paragraph 11:

"**Choice of Law and Jurisdiction.** - In the event of any dispute regarding this AGREEMENT including but not limited to service fees and costs, CLIENT and CSA agree that venue of resolution shall be in the county and city of Dallas, Texas. Both CSA and CLIENT agree that the laws of the State of Texas shall govern any disputes arising from this AGREEMENT."

CSA argued the matter was controlled by the Federal Arbitration Act (FAA), and the parties had agreed to arbitrate any dispute arising out of the agreement. The Packards countered that their claims did not arise out of the agreement, but rather were brought under the KCPA and the KCSOA. The Packards argued the agreement was void.

After a short hearing on CSA's motion, the trial court ruled:

"All right. Motion to dismiss or to compel arbitration is denied. It appears that there—first off, this cause of action does not arise out of a contract, therefore, not triggering the arbitration clause. And, secondly, and if it were to arise out of the contract, it appears on the face that it's a void contract."

We review arbitration agreements by a de novo standard. *Anderson v. Dillard's, Inc.*, 283 Kan. 432, 436, 153 P.3d 550 (2007). Further, the Packards' claims also involve statutory interpretation subject to unlimited review. See *Genesis Health Club, Inc. v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 (2008).

Congress enacted the FAA, 9 U.S.C. §§ 1-16 (2006), to overcome judicial resistance to arbitration. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 163 L. Ed. 2d 1038, 126 S. Ct. 1204 (2006). The act applies when a case involves a written agreement and interstate commerce. 9 U.S.C. § 2 (2006). And the FAA provides that arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006).

The FAA creates a body of federal substantive law applicable in state and federal courts. *Skewes v. Shearson Lehman Bros.*, 250 Kan. 574, 579, 829 P.2d 874 (1992). The Act "preempts conflicting state law which exempts enforcement of arbitration agreements involving interstate commerce." 250 Kan. at 581.

As a result, the FAA preempts K.S.A. 5-401 which prohibits the arbitration of tort claims. *Skewes*, 250 Kan. at 581. And the "FAA provides that all doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. [Citation omitted.]" *Butler Nat'l Corp. v. Gerald T. Kelly & Co.*, 30 Kan. App. 2d 538, 540, 43 P.3d 824 (2002).

In the present case, the Packards claim the agreement was void when executed because CSA failed to register as a credit services organization and, thus, there is no arbitration clause to enforce.

In *Buckeye* the Court was tasked with determining whether a court or an arbitrator should consider the argument that a contract containing an arbitration clause was void for illegality. 546 U.S. at 443.

The *Buckeye* Court, in resolving the issue, relied on three propositions/principles: as a matter of law, an arbitration clause is severable from the rest of the contract; unless the challenge is limited to the arbitration clause itself, the question of the contract's validity is considered by the arbitrator in the first instance; and this "arbitration law" applies in state as well as federal courts. *Buckeye*, 546 U.S. at 445-46.

Since the challenge in *Buckeye* was to the contract itself, the arbitration clause was enforceable apart from the remainder of the contract; therefore, the challenge should be heard by an arbitrator. 546 U.S. at 446. And finally, the *Buckeye* Court ruled that the FAA applied to contracts that were later determined to be void. 546 U.S. at 448.

Pursuant to *Buckeye*, we conclude a challenge to the legality of an entire agreement, such as that raised by the Packards in the present case, should go first to an arbitrator.

Here, while acknowledging this case involves a written agreement and interstate commerce, the Packards claim the FAA does not govern their claims because the parties did not specifically agree to arbitrate statutory claims under the KCPA or the KCSOA. In effect, the Packards argue the parties' agreement is irrelevant to the disposition of this matter because the dispute did not arise "out of this agreement."

Where an arbitration clause is narrow, collateral matters will generally be held to be beyond the purview of the arbitration clause. But where the arbitration clause is broad, a presumption of arbitrability attaches and arbitration of even a collateral matter will be ordered if the claim pled implicates questions of contract construction or the parties' rights/obligations under the contract. *Cummings v. Fedex Ground Packaging System, Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005).

The *Cummings* court ruled the arbitration clause there invoked was a narrow one, limiting arbitration to "very specific types of disputes" but no others. 404 F.3d at 1260-61.

In *Feil v. MBNA America Bank, NA*, 417 F. Supp. 2d 1214 (D. Kan. 2006), Judge Lungstrum dealt with a broad clause. The court treated the motion to compel arbitration as unopposed because plaintiff did not respond to the motion in a timely manner, but indicated it would have ruled in favor of arbitration even if it considered plaintiff's late filed arguments. 417 F. Supp. 2 at 418.

In *Feil*, the court ruled that arbitration is favored and that arbitration clauses are to be broadly construed with doubts being resolved in favor of coverage. 417 F. Supp. 2d at 1219.

The *Feil* court also ruled that when a presumption of arbitration exists, arbitration of a particular grievance should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." 417 F. Supp. 2d at 1219. Accordingly, any doubts are resolved in favor of arbitration. *Feil*, 417 F. Supp. 2d at 1219. And see *CSA-Credit Solutions of America, Inc. v. Schafer*, 408 F. Supp. 2d 503, 507, 510-11 (W.D. Mich. 2006).

In *Butler Nat'l Corp. v. Gerald T. Kelley & Co.*, 30 Kan. App. 2d 538, 43 P.3d 824 (2002), plaintiff Butler engaged defendant Kelly to do some accounting work. Later, Butler sued and prayed for return of monies paid, negligent representation of time and cost of a 1999 audit, and for breach of contract. The engagement agreement called for arbitration of any fee dispute. Butler argued the lawsuit did not involve a fee dispute.

We ruled the FAA provides that all doubts about the scope of arbitrable issues should be resolved in favor of arbitration. *Butler*,

30 Kan. App. 2d 538, Syl. ¶ 1. And while Butler argued the suit was not about a fee dispute, we ruled it certainly quacked like one. 30 Kan. App. 2d at 541.

We simply observed that absent a dispute between the parties about the fees, there would be no lawsuit. 30 Kan. App. 2d at 542.

So, too, in the present case. The Packards do not satisfactorily explain how their statutory claims do not arise out of the agreement, when, for example, in order to establish alleged violations of the KCPA, they must show CSA's performance *under and pursuant to the agreement* constituted material misrepresentations or deceptive acts and practices.

In essence, despite the Packard's claim that their petition raises only claims unrelated to the agreement, there would be no lawsuit here had no agreement been created. See *Butler*, 30 Kan. App. 2d at 542.

CSA also argues the trial court erred in failing to dismiss the case based on the mandatory forum selection clause in agreement.

In its ruling, the trial court did not address the issue of the forum selection clause. Given our ruling on the arbitration clause issue, we need not address this issue either. We do note that a mandatory forum selection clause may be enforced if it bears a reasonable relationship to the transaction. See *Aylward v. Dar Ran Furniture Industries, Inc.*, 32 Kan. App. 2d 697, 700, 87 P.3d 341 (2004).

Reversed and remanded with directions to grant the motion to compel arbitration.