(122 P.3d 1175)
No. 93,612

In the Matter of the Marriage of BRIAN J. YOUNT, *Appellee,* and LAURA KAY HULSE, *Appellant.*

—

Opinion filed November 18, 2005.

*William F. Ebert,* of William F. Ebert, P.A., of Topeka, for appellant.

*Mark W. Krusor,* of Taylor, Krusor & Passiglia, L.L.P., of Winfield, for appellee.

Before MARQUARDT, P.J., MCANANY and CAPLINGER, JJ.

CAPLINGER, J.: Laura Hulse appeals the district court's decision denying her motion to change venue from Cowley County to Shaw-

nee County in an action brought by Brian Yount to modify custody of the parties' minor child. We hold that although the district court did not err in refusing to apply a venue agreement contained in the parties' separation agreement, it did err in denying a change of venue based upon the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), K.S.A. 38-1336 *et seq*. However, we affirm the decision on other grounds, as the district court's factual findings were sufficient under K.S.A. 2004 Supp. 60-609(a) to conclude a transfer would not be convenient for the parties.

### Background

Hulse and Yount were married in January 1996. Between January 1996 and the time the couples' son was born in May 1996, Hulse lived in Topeka while Yount lived and attended medical school in Kansas City, Kansas. Yount filed for divorce in Cowley County District Court in November 1998. At the time, Hulse and the couples' child were still living in Shawnee County, and Yount was living in Wichita.

Yount testified that the divorce action was filed in Cowley County because she and Yount had an attorney friend there who could inexpensively handle their "mediation." When it subsequently became clear the attorney would represent her husband in the divorce proceeding, Hulse obtained her own counsel. On May 11, 1999, the district court of Cowley County entered a divorce decree, and a property settlement dated April 26, 1999, was incorporated into the divorce decree.

At the time she signed the property settlement, Hulse was still residing in Shawnee County and wanted venue to rest in that county. The property agreement reached by the parties provided:

"Following the time in which the decree of divorce is entered herein, if there is any further litigation concerning the parties' minor child, the parties agree that venue for this action shall be changed to Shawnee County, Kansas, which is the present county residence of Wife and minor child."

Following the parties' divorce, Yount relocated to Oklahoma and Hulse remarried and relocated to Johnson County.

On July 13, 2001, Yount filed a motion to modify his parenting time and to be reimbursed for travel expenses. Additionally, he

moved to have venue of the case changed to Shawnee County. Yount's venue motion was never ruled upon, and venue remained in Cowley County. A journal entry containing a parenting plan was entered by the Cowley County District Court on December 31, 2001.

On October 30, 2003, Hulse filed a motion with the Cowley County District Court to increase child support. On March 3, 2004, she also filed a motion in Cowley County to award her attorney fees. However, Hulse did not move for a change of venue.

On March 15, 2004, the Cowley County District Court entered an order modifying child support, indicating in the order that Hulse had withdrawn her request for attorney fees.

On May 28, 2004, Hulse filed a motion in Cowley County District Court to have venue changed to Shawnee County. On September 14, 2004, Yount responded, objecting to a change in venue, moving for a modification in parenting time, and requesting a change in the designated location for exchange of the parties' son.

On September 27, 2004, the Cowley County district court held a hearing to address the parties' motions and on October 21, 2004, overruled Hulse's motion to change venue. Additionally, the court ordered the parties to participate in mediation for the purpose of determining a parenting time schedule, to cooperate with each other to effectuate parenting time while mediation was pending, and to share transportation responsibilities equally.

In denying Hulse's motion to change venue, the district court found that Hulse was no longer a resident of Shawnee County and she currently lived and worked in Johnson County. The court further remarked that Hulse's testimony lacked credibility in that it failed to establish a connection between Hulse and the child to Shawnee County, or any intention to return to Shawnee County.

The district court concluded that "jurisdiction" is a matter of statute and not a matter of agreement between the parties. It denied Hulse's motion to change venue, concluding:

"In [K.S.A.] 38-1337, and the statutes that follow there, reflect a continuing jurisdiction; and the court made the initial determination reflects exclusive jurisdiction in that court. I consider those statutes as controlling and conclude that whether based upon facts or the law, the statutes apply in this case.

"The motion to change venue is not supported in either case by fact or law, and the motion is therefore overruled."

On November 19, 2004, Hulse filed a notice of appeal challenging the court's decision to deny her motion to change venue from Cowley County to Shawnee County.

*Standard of review*

According to K.S.A. 2004 Supp. 60-609, a district court has the discretion to grant or deny a motion to change venue. See *Schmidt v. Shearer*, 26 Kan. App. 2d 760, 765, 995 P.2d 381 (1999). "Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. [Citations omitted.]" *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002).

In this appeal, Hulse argues the district court abused its discretion when it erroneously relied upon the UCCJEA to support its conclusion that as a matter of law the only proper venue for this action was Cowley County District Court. Additionally, Hulse argues the district court erred when it disregarded the parties' agreement establishing Shawnee County as the venue for future litigation regarding the parties' minor child, as this agreement was incorporated into the divorce decree. Citing K.S.A. 2004 Supp. 60-1610(b)(3), Hulse points out that Kansas law has long recognized that courts cannot ignore or disregard a judgment incorporating an agreement between parties. Given these errors, Hulse contends this court should set aside the district court's order and remand the case with instructions to transfer the case to Shawnee County District Court.

*The district court's reliance on the UCCJEA*

As Hulse points out, the UCCJEA " 'does not address the determination of venue between the state's district courts.' " (Quoting *In re Rumsey*, 276 Kan. 65, 77, 71 P.3d 1150 [2003].) She thus contends the trial court erred when it applied the UCCJEA to resolve an intrastate venue dispute.

In response, Yount concedes the UCCJEA was designed for interstate rather than intrastate conflict resolution. Nevertheless, he

argues it was not unreasonable for the district court to utilize the UCCJEA to analyze this intrastate conflict. We disagree.

Jurisdiction and venue are not interchangeable. As the Kansas Supreme Court noted in *In re Rumsey*, 276 Kan. at 77, "[t]he UCCJEA addresses jurisdiction for Kansas courts. It does not address the determination of venue between the state's district courts." Thus, we conclude the district court erred in finding it had venue over a postdivorce custody action based on the UCCJEA. Rather, questions of venue in postjudgment actions are controlled by K.S.A. 60-607 and K.S.A. 2004 Supp. 60-609, which govern venue and change of venue, respectively, in domestic relations actions.

Yount suggests that even if the district court relied on the wrong body of law, its decision regarding venue was a matter of discretion and should be upheld if it was correct for any reason. Yount suggests K.S.A. 2004 Supp. 60-609 provides sufficient statutory basis to support the district court's decision regarding venue.

Before considering whether the denial of venue may be upheld under K.S.A. 2004 Supp. 60-609, we must first consider Hulse's argument that the district court was without discretion to deny the change of venue based upon the parties' choice of venue provision incorporated into the divorce decree.

*The venue provision*

*(1) Enforceability of the separation agreement under K.S.A. 2004 Supp. 60-1610(b)(3)*

Hulse argues the district court erred in refusing to enforce the couple's agreement to transfer venue of "any further litigation concerning the parties' minor child." She argues that because the agreement was incorporated into the divorce decree, it must be enforced as a valid separation agreement pursuant to K.S.A. 2004 Supp. 60-1610(b)(3). That section in its entirety, mandates:

"If the parties have entered into a separation agreement which the court finds to be valid, just and equitable, the agreement shall be incorporated in the decree. A separation agreement may include provisions relating to a parenting plan. The provisions of the agreement on all matters settled by it shall be confirmed in the decree except that any provisions relating to the legal custody, residency, visitation

parenting time, support or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. Matters settled by an agreement incorporated in the decree, other than matters pertaining to the legal *custody, residency, visitation, parenting time, support or education of the minor children,* shall not be subject to subsequent modification by the court except: (A) As prescribed by the agreement or (B) as subsequently consented to by the parties." (Emphasis added.)

Yount argues the venue provision is unenforceable because this matter directly relates to child custody and parenting time, which are excepted under the statute. Hulse counters that the venue provision concerns a procedural issue not related to child custody. Under the circumstances presented here, we do not agree that this is a procedural issue.

First, as Yount notes, by its very language the venue provision applies only to "litigation concerning the parties' minor child." Moreover, the district court could not address the issue of venue in this case without first determining whether this issue concerned the custody of a minor child. The district court's subject matter jurisdiction was based on the fact that this was a "child custody proceeding," as defined by K.S.A. 38-1337. See K.S.A. 38-1349. We conclude that because this matter related to the custody of a minor child, the court was not bound under K.S.A. 2004 Supp. 60-1610(b)(3) to enforce the venue provision incorporated into the divorce decree.

Further, even assuming this was an issue the parties could mandate via an agreement, the provision was still subject to modification under K.S.A. 2004 Supp. 60-1610(b)(3)(B) if the parties consented to such modification. Here, the parties sought relief on several occasions from the Cowley County District Court in relation to postdivorce modifications and that court issued orders modifying the parenting time schedule and child support. Thus, by their own actions, the parties manifested an intention to modify the venue provision.

We thus conclude that the district court was not bound by the venue agreement, both because the agreement concerned a matter excepted under K.S.A. 2004 Supp. 60-1610(b)(3) and because the parties, by their own actions, consented to a modification of the provision.

*(2) Enforceability of venue agreement as a forum selection clause*

Hulse argues even if the venue agreement was not enforceable under K.S.A. 2004 Supp. 60-1610(b)(3), the district court was bound by the venue agreement because it was the equivalent of a forum selection clause, which Kansas courts routinely enforce.

However, this court has recognized that a provision agreeing that venue will lie with a specific court may not constitute a forum selection clause and need not be given exclusive effect. *Aylward v. Dar Ran Furniture Industries, Inc.*, 32 Kan. App. 2d 697, 700, 87 P.3d 341 (2004). " '[T]he controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others.' " *Double A Home Care, Inc. v. Epsilon Systems, Inc.*, 15 F. Supp. 2d 1114, 1115 (D. Kan. 1998) (quoting *SBKC Services Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578 [10th Cir. 1997]).

Although the provision contains the language "the parties agree that venue for this action shall be changed to Shawnee County," there is no clear indication that the parties intended for Shawnee County to hold exclusive venue. Nor have the parties manifested such an intent by their actions, in that they have filed several post-divorce motions to modify child custody issues with the Cowley County District Court.

Further, even if the provision could be construed as a forum selection clause, it was not enforceable. Such a clause "will not be enforced unless the selected forum bears 'a reasonable relationship to the transaction.' [Citation omitted.]" *Aylward*, 32 Kan. App. 2d at 700. Here, the district court made factual findings indicating that Hulse and the child had no connection to Shawnee County. Thus, the selection of Shawnee County as the place where venue would lie bore no relationship to the custody issues before the court and was unenforceable.

Finally, Yount argues even if the provision qualified as an enforceable forum selection clause at one time, Hulse has since waived her right to enforce it. Yount notes that a waiver of contractual rights can be implied through a party's actions. (Citing

*Prince Enterprises, Inc. v. Griffith Oil Company,* 8 Kan. App. 2d 644, 664 P.2d 877 [1983].) He contends when Hulse sought relief from the Cowley County District Court through her motion to modify child support, she waived her right to enforce the venue clause incorporated into the divorce decree.

This court was presented with a similar situation in *In re Marriage of Powell,* 13 Kan. App. 2d 174, 176, 766 P.2d 827 (1988), *rev. denied* 244 Kan. 737 (1989). There, a husband accepted the assets from a judgment dividing marital property in a divorce action but then appealed, arguing the judgment was invalid because the action was brought in the wrong county. This court recognized the rule that a party may acquiesce to a judgment by accepting its benefits, thereby waiving the right to object to or appeal from such judgment. 13 Kan. App. 2d at 176. However, the court also recognized that this rule should not be strictly applied in domestic cases because of the equitable considerations which apply. 13 Kan. App. 2d at 176. Even so, the court found that the husband had waived his right to object to the judgment given that it appeared he had waited until after he was dissatisfied with the court's judgment to raise his venue objection. 13 Kan. App. 2d at 177.

Similarly, in this case, Hulse had several opportunities to seek enforcement of the venue provision. She did not join Yount's motion to change venue in 2001 or object when the court failed to rule on the motion. Nor did Hulse seek a transfer of venue when she filed her 2003 motion to modify child support or her 2004 motion seeking attorney fees in Cowley County District Court — motions which certainly came within the venue agreement's application to "matters concerning the parties' minor child." Accordingly, we conclude Hulse waived enforcement of the venue agreement.

In summary, we do not believe that the parties' venue agreement constitutes a valid or enforceable forum selection clause, but even if it did, we believe Hulse, by her own actions, waived enforcement of the clause.

*Application of K.S.A. 2004 Supp. 60-609(a)*

Yount points out that in addition to the UCCJEA, the district court cited K.S.A. 2004 Supp. 60-609 as support for its decision

denying Hulse's motion to change venue. However, in explaining its decision, the district court appeared to rely exclusively on the UCCJEA. Specifically, the court stated: "[T]he provisions of 38-1349 which convert[] exclusive and continuing jurisdiction, are determinative of this issue." Thus, we do not agree that the district court relied upon K.S.A. 2004 Supp. 60-609 in denying venue.

Nevertheless, the judgment of a district court, if correct, may be upheld even though the district court relied upon the wrong ground or assigned erroneous reasons for its decision. See, *e.g.*, *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 100, 106 P.3d 492 (2005). Thus, we will consider whether the denial of venue may be upheld under K.S.A. 2004 Supp. 60-609, which provides:

"(a) Upon the motion of a party, a district court may transfer any civil action to any county where it might have been brought upon a finding that a transfer would better serve the convenience of the parties and witnesses and the interests of justice.

"(b) In any action in the district court which is commenced pursuant to chapter 60 of the Kansas Statutes Annotated and in which it shall be made to appear that a fair and impartial trial cannot be had in the county where the action is pending, for reasons other than the disqualification of the judge, the court, upon application of either party, may change the place of trial to some county where the objection does not exist.

"(c) When all parties who are not in default agree and the agreement is approved by the court of original venue and the supreme court, a civil action may be transferred to any county."

Neither party suggests that section (b) applies here, and section (c) is inapplicable since an agreement was not approved by the court of original venue or the Supreme Court. Rather, the only possible basis for Hulse to request a change of venue is found under section (a), which permits a transfer if it would "better serve the convenience of parties and witnesses and the interests of justice." Yount argues that because this is a matter left to the discretion of the district court, we should affirm the district court's denial of Hulse's change of venue under this provision.

As stated, although the district court did not rely on K.S.A. 2004 Supp. 60-609 in denying venue, it nevertheless recognized that the statute applied. Further, the district court made factual findings

which would support a denial of a change of venue under K.S.A. 2004 Supp. 60-609(a). For instance, the court found that Hulse lived and worked in Johnson County and the child's numerous medical providers were located in the Kansas City area. The district court further pointed out that the only connection Hulse could establish with Shawnee County was that her parents lived there, which the court found was not relevant or material to the issue. Further, the district court found that Hulse was not credible with respect to her attempt to establish connections to Shawnee County.

Because we do not believe the district court abused its discretion in its findings concerning Hulse's lack of contact with Shawnee County, we conclude the denial of Hulse's venue was appropriate under K.S.A. 2004 Supp. 60-609(a).

*Conclusion*

In summary, we conclude the parties' choice of venue, which was incorporated into the divorce decree, was not enforceable because the agreement concerned a matter excepted under K.S.A. 2004 Supp. 60-1610(b)(3) and because the parties, by their own actions, modified the provision by seeking modification of custody and child support in Cowley County District Court.

Further, we hold the parties' venue agreement does not constitute a valid or enforceable forum selection clause; but even if it did, Hulse, by her own actions, waived enforcement of the clause.

Finally, we find that although the district court erred in applying the UCCJEA to support its decision to deny Hulse's change of venue motion, the decision is affirmed on separate grounds. Specifically, the district court's factual findings were sufficient under K.S.A. 2004 Supp. 60-609(a) to conclude a transfer would not be convenient for the parties.

Affirmed.