NOT DESIGNATED FOR PUBLICATION

No. 118,282

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

R.M.S., by and through K.E.S., next friend, and
K.E.S., individually,
*Appellants*,

v.

H.M.M.,
*Appellee*.


MEMORANDUM OPINION


Appeal from Greeley and Logan District Courts; RICKLIN R. PIERCE, judge. Opinion filed May 11, 2018. Appeal dismissed.


*Zachary D. Schultz*, of Schultz Law Office, P.A., of Garden City, for appellants.


*Etta L. Walker*, of Sharon Springs, for appellee.


Before BRUNS, P.J., HILL, J., and WALKER, S.J.


PER CURIAM: K.E.S. (Father) appeals the district court's order granting H.M.M.'s (Mother) motion to change venue in this parentage action from Greeley County to Logan County in order to take up postjudgment motions. Father argues we have jurisdiction to hear this appeal because an order changing venue is a final decision. But because the order changing venue did not determine the merits of the parties' disputed claims, it is not a final decision and thus we lack jurisdiction to hear the motion and dismiss his appeal.

1

FACTS

In August 2014, Father filed a parentage action in Greeley County District Court to establish parentage of R.M.S., a child born in 2011. About a year later, the district court determined that Greeley County was a proper venue, that Father was the natural father, and that Mother was the natural mother of R.M.S. The district court designated Mother as R.M.S.'s residential custodian and established the terms for parenting time, visitation, healthcare costs, and child support.

In 2016, both parties moved out of Greeley County. Father moved to Garden City, Kansas, in Finney County, and Mother, with R.M.S., moved to Monument, Kansas, in Logan County. In January 2017, Father filed a motion requesting the district court determine his right to claim R.M.S. as a dependent for tax purposes. Following Father's motion, Mother filed a motion disputing Father's claims and moved the district court to modify the parenting plan and child support. Father subsequently filed his own motion to modify the parenting plan and child support.

In February 2017, before the competing motions were heard, Mother filed a motion to change venue to the Logan County District Court. She argued that Logan County was a more convenient forum under K.S.A. 60-609(a). Mother also asserted that the district court had an inherent power to change venue to Logan County. Father filed a motion objecting to Mother's motion to change of venue. In August 2017, the district court granted Mother's motion to change venue, and the Logan County District Court accepted venue of the parentage action.

Father timely filed a notice of appeal. We then ordered the parties to show cause why this appeal is a final decision under K.S.A. 2017 Supp. 60-2102(a)(4) and should not be dismissed for lack of jurisdiction. Upon receiving the parties' responses, we retained the appeal for further decision.

2

On appeal, Father asserts that this court has appellate jurisdiction under K.S.A. 2017 Supp. 60-2102(a)(4) because the Greeley County District Court's order changing venue to Logan County is a "final order." Alternatively, Father argues this court may exercise jurisdiction over his appeal under the collateral order doctrine.

Kansas courts have historically held that a party does not have a right to seek an immediate appeal of an order changing venue. Instead, the courts have stated that "[t]he trial must go on, and not until after final judgment has been rendered does an appeal lie." *Jones v. Insurance Co.*, 83 Kan. 682, 687, 112 P. 826, *aff'd on rehearing* 85 Kan. 235, 166 P. 484 (1911).

"An appellate court exercises unlimited review over jurisdictional issues and has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. [Citation omitted.]" *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). It is also a "'longstanding rule' that appellate jurisdiction in civil cases is defined by statute, and the right to appeal is neither [a] vested nor a constitutional right." *Wiechman v. Huddleston*, 304 Kan. 80, 86, 370 P.3d 1194 (2016) (citing *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 [2011]).

The language in K.S.A. 2017 Supp. 60-2102(a)(4) states that an appeal can be taken to this court when there is "[a] final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

"A 'final decision' generally disposes of the entire merits of a case and leaves no further questions or possibilities for future directions or actions by the lower court. The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case. [Citation omitted.]" *Kaelter*, 301 Kan. at 249-50.

It is quite plain from the record that the district court's order changing venue is not a final decision on the pending motions. Though the order granting the venue change ended the matters in the Greeley County District Court, the order did not reach the merits of the parties' disputed postjudgment claims, i.e., Father's alleged right to claim R.M.S. as a dependent for tax purposes and the parties' modifications to the parenting plan and child support. See *Kaelter*, 301 Kan. at 249-50. Thus, the order granting the venue change is not a final order under K.S.A. 2017 Supp. 60-2102(a)(4).

Father argues, however, that this court has permitted appeals solely on the issue of venue changes in postjudgment proceedings while custody and support matters were pending in the district court. But the two decisions Father cites—*In re Marriage of Yount & Hulse*, 34 Kan. App. 2d 660, 112 P.3d 1175 (2005), and *Soebbing v. Lesser*, No. 109,879, 2014 WL 1096936 (Kan. App. 2014) (unpublished opinion)—do not support his assertion.

The district court in *In re Marriage of Yount & Hulse* did not have any matters pending for the district court's determination when Hulse appealed the order denying the motion to change venue. In relevant part, the Cowley County District Court entered the divorce decree and property settlement in 1999. Hulse requested the district court change the venue to Shawnee County years later. Yount objected to the motion to change venue and also requested a modification to the parenting time and the exchange location of their child for visitations. The district court denied the motion to change venue and, in sum, ordered the parties to enter mediation to resolve the parenting time issue and to share transportation responsibilities. Thus, when Hulse appealed the order denying the venue

4

change, the district court had resolved Yount's additional concerns raised in the response to the motion. 34 Kan. App. 2d at 661-63.

In *Soebbing*, no matters were pending in the district court when the panel reviewed the district court's order denying the venue change. Thus, the panel did not permit an appeal of an order denying a venue change as a final decision, despite ongoing custody and support issues. Rather, the *Soebbing* panel held that the district court may deny a venue change in a postjudgment proceeding on ripeness grounds if the district court has no other matters pending in the case when the motion for the venue change is filed. 2014 WL 1096936, at *1-3.

Accordingly, Father's assertion that this court has allowed parties to appeal an order changing venue while matters were pending below is without merit. Because the district court's order granting a venue change did not additionally determine the merits of the parties' disputed matters, the order is not a final decision under K.S.A. 2017 Supp. 60-2102(a)(4).

Father alternatively argues that we may exercise jurisdiction under the collateral order doctrine. "The collateral order doctrine provides a narrow exception to the final order requirement for appellate jurisdiction. It allows appellate courts to reach not only judgments that terminate an action, but also a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed final." *In re T.S.W.*, 294 Kan. 423, Syl. ¶ 9, 276 P.3d 133 (2012). But appellate courts sparingly apply this exception and will only find an order collaterally appealable if it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." 294 Kan. at 434 (citing *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 612, 244 P.3d 642 [2010]).

But even if we assume, for purposes of discussion, that the district court's order in Greeley County granting a venue change meets the first two factors, the order clearly does not meet the third factor, i.e., that the order would effectively be unreviewable following a final judgment. Here, Father timely filed his objection to Mother's motion, so his challenge to the order was preserved below under K.S.A. 60-610. All his motions, as well as those of Mother, can be fully litigated in Logan County. If he is dissatisfied with the district court's rulings there, he can certainly file an appeal of those decisions as well as the order changing venue to Logan County.

Kansas appellate courts review an order changing venue under an abuse of discretion standard. See *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015); *In re Marriage of Yount & Hulse*, 34 Kan. App. 2d at 663.

> "'Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' [Citations omitted.]" *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

A party asserting an abuse of discretion bears the burden to show such abuse. 305 Kan. at 868. If an appellate court finds the district court abused its discretion in denying or granting a venue change, the error is reversible unless the party benefitting from the error can show it was harmless. *Matson*, 301 Kan. at 659 (citing *Kansas City Mall Assocs. v. Unified Gov't of Wyandotte County/KCK*, 294 Kan. 1, 8, 272 P.3d 600 [2012]).

Thus, Father's claim that the district court's order changing venue is effectively unreviewable after final judgment does not have merit. Father will have the opportunity to challenge the district court's decision changing venue as an abuse of discretion following a final decision on the merits of the parties' postjudgment motions.

6

Requiring Father to wait to appeal the order until after final judgment does not give Father an insurmountable burden or add to his burden of proving that the district court erred. Rather, an appellate court reviewing the district court's order changing venue after final judgment may reverse the decision if Father meets his burden to show an abuse of discretion and Mother, as the party who benefitted from the error, does not prove it harmless. See *Matson*, 301 Kan. at 659.

In summary, we conclude that we cannot exercise appellate jurisdiction over the district court's change of venue order under the collateral order doctrine. And because the order changing venue is not a final decision, the appeal must be dismissed for lack of jurisdiction.

In light of our finding of no jurisdiction, we need not address the additional contentions Father raised in his appeal, and we decline to do so.

Appeal dismissed.